IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee - Respondent, | ) | No. 02 C 6998 |
| | ) | |
| vs. | ) | Hon. Suzanne B. Conlon |
| | ) | |
| DARRYL JOHNSON, | ) | |
| | ) | Death Sentence Imposed |
| Defendant - Appellant - Petitioner. | ) | |

**PETITIONER'S RENEWED MOTION
IN LIGHT OF *MASSARO V. UNITED STATES*
FOR LEAVE TO CONDUCT DISCOVERY**

Defendant Darryl Lamont Johnson, by his attorneys, Terence H. Campbell of Cotsirilos, Tighe & Streicker, and Lorinda Meier Youngcourt, respectfully moves the Court to grant him leave to conduct discovery, as set forth in detail below. Discovery is authorized by Rule 6 of the Rules Governing Section 2255 Proceedings For the United States District Courts ("Habeas Rule 6"). Johnson urges this Court to reconsider his discovery motion and respectfully asserts this Court improperly denied him leave to conduct discovery in its Memorandum Opinion and Order by finding he had procedurally defaulted his ineffective assistance of counsel claim by failing to raise it in his direct appeal (Memorandum Opinion and Order, p. 6). In support of this motion, Johnson states as follows:

**PROCEDURAL HISTORY AND LAW**

1.      Johnson filed his Motion to Vacate Conviction and Sentence and for New Trial Purusant to 28 U.S.C. §2255 an Rule 33 of the Federal Rules of Criminal Procedure on October 1, 2002.

2.      Johnson filed his first Motion for Leave to Conduct Discovery on February 3, 2003.

3. This Court denied Johnson's §2255 motion and his discovery motion on March 11, 2003, finding that Johnson had procedurally defaulted his ineffective assistance of counsel claim by failing to raise it on direct appeal. (Memorandum Opinion and Order, p. 6-7). Applying the cause and prejudice standard of *McCleese v. United States*, 75 F.3d 1174, 1177-78 (7th Cir. 1996), this Court ruled that Johnson had failed to show good cause for the default. Specifically addressing the discovery motion, this Court stated,

> Johnson fails to establish the cause and prejudice necessary to excuse his procedural default, as well as the required prejudice necessary to establish his ineffective assistance of counsel claim. Johnson's failure to establish a colorable claim based on his proposed facts dooms his request for additional discovery.

(Memorandum Opinion and Order, p 10).

4. On April 23, 2003, the United States Supreme Court held "that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under §2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 509, 123 S.Ct. 1690, 1696 (2003).

5. Given the United States Supreme Court's decision in *Massaro*, this Court's ruling that Johnson defaulted his ineffective-assistance-of-counsel claims was made in error and must be reconsidered. Thus, Johnson's motion for discovery must also be reconsidered.

6. As stated in *Massaro*, "a motion brought under §2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Id.*, 538 U.S. at 504.

7. Discovery has been granted in capital §2255 proceedings. *See United States v. Roane,* 378 F.3d 382, 389 (4th Cir. 2004) ("After discovery proceedings and an evidentiary hearing on Roane's remaining two claims, the court granted relief on his Sixth Amendment claim of

ineffective assistance of counsel ("IAC claim"), vacating Roane's convictions and sentences relating to the murder of Douglas Moody."); *Reeves v. United States*, 255 F.3d 389 (7th Cir. 2001), *en banc denied* (The Northern District Court of Illinois permitted discovery, held an evidentiary hearing, and heard oral arguments on Reeves' § 2255 petition).

8. Only the government has access to the documents requested by this motion. This motion is Mr. Johnson's "prudent effort to learn the facts." *United States v. Fannon*, 435 F.2d 364, 367 (7th Cir. 1970).

9. The information sought by Petitioner herein is necessary to a "full and fair opportunity to wage a collateral attack" upon those claims for relief in Mr. Johnson's §2255 motion. *O'Connor v. United States*, 133 F.3rd 548, 550 (7th Cir. 1998). Accordingly, Petitioner respectfully requests that the Court grant this motion for discovery as set forth herein.

## DISCOVERY REQUESTED

10. Mr. Johnson requests the Court reevaluate the denial of the following requested discovery items and order leave to conduct discovery based upon *Massaro v. United States* and on the issues raised in Mr. Johnson's petition pursuant to §2255 which was filed with the Court on September 30, 2002:

    a.     **INEFFECTIVE ASSISTANCE AS TO FUTURE DANGEROUSNESS**

        i.     Any briefs, memos, opinion papers, or policy statements from the Department of Justice ("DOJ") and/or the BOP authored before November 30, 1997 or addressing events prior to November 30, 1997, relating to allowable conditions of confinement in capital eligible cases where the death penalty was not imposed;

        ii.     Identify all cases in which prior to November 30, 1997, the DOJ or any U.S. Attorney's Office has asked that strict conditions of confinement be imposed against a defendant pursuant to 18 U.S.C. §3582(d) and/or 28 CFR 501.3, the

factual and legal bases upon which such request was made in each case, the Court in which it was made, and the date(s) on which each such request was made; Disciplinary records, reports or other documentation from the Bureau of Prison's ("BOP") ADX facility on all inmates housed in the control unit for the period from 1995 through November 30, 1997;

iii.   Identify all cases in which beginning prior to November 30, 1997, the BOP has carried out the strict conditions of confinement imposed against a defendant pursuant to 18 U.S.C. §3582(d), 28 CFR 501.3, or any other authority, the factual and legal bases upon which such conditions were imposed, and the dates during which such conditions have been imposed in each such case;

iv.   Any documents or information relating to any BOP employees (current or former), or any other government employees or agents (current or former) who testified at federal capital penalty phase trials regarding the potential conditions of confinement which may be imposed against a defendant (including, but not limited to, the testimony of any such witness);

v.   Any documents or information in the possession of the government which are inconsistent with the testimony of Warden John Vanyur given at Darryl Johnson's penalty-phase trial (*United States v. Darryl Johnson*, 96 CR 379 (N.D. Ill.));

vi.   Any documents or information relating to any periodic or other review of the conditions of confinement being imposed on BOP inmates Clayton Fountain and/or Thomas Silverstein, including the timing of any such reviews, the considerations taken into account by the government in those reviews, and the decisions made by the government pursuant to those reviews;

vii.   Any documents or information relating to the decision to house BOP inmates Clayton Fountain and/or Thomas Silverstein in the conditions of confinement under which they are currently confined and have been confined for more than a decade;

viii.   Documents or information pre-dating November 30, 1997, relating to "C Unit, D Range" at ADX (the so-called super cells at ADX), including any documents or information relating to the intended purpose and function of these cells; the type(s) of inmates who are intended to be housed in these cells; the amount of contact (if any) between prisoners housed in these cells and BOP staff; and the use (if any) of these cells since their construction;

ix.    Documents or information identifying all inmates in the federal prison system who prior to November 30, 1997, had restrictions in addition to those imposed on all BOP prisoners at the particular facility where the inmate is housed:

    (1)    On their phone calls (*e.g.* no phone calls except to attorneys or approved family contacts);

    (2)    On their mail (*e.g.* must be approved, pre-read, sent to the DOJ or the prosecutor's office, etc. before it can either be sent from, or received by, the inmate); and

    (3)    On their visitors (*e.g.* no one but court-approved family members, attorneys, etc.).

For each such inmate, documents or information identifying their crime of conviction, the facts of their cases, their sentence, BOP facility (or facilities) in which they have been and are housed, case number, court of conviction, year of conviction and sentence, the authority pursuant to which the restriction was imposed (*e.g.* by the Court, by the BOP, etc.), and the dates during which the restriction has been imposed

x.    Any documents or information created or authored by the government relating to any assessment, description, analysis or comment on the substance of the testimony given by Warden Vanyur in Darryl Johnson's case (*United States v. Darryl Johnson*, 96 CR 379 (N.D. Ill.));

xi.    Any documents or information relating to any decision by the government not to call Warden Vanyur to testify at any capital trial after his testimony at Darryl Johnson's penalty-phase trial;

xii.    Any documents or information relating to any testimony given by Warden Vanyur (other than in Darryl Johnson's case) with respect to possible or allowable conditions of confinement in any BOP facility, including, but not limited to, the date(s) and substance of any such testimony;

xiii.    Any documents or information evidencing any charges that were filed relating to the Lewisburg murders about which Warden Vanyur testified at Darryl Johnson's penalty-phase trial;

xiv.    Any documents or information proving or evidencing that members of the Aryan Brotherhood housed at ADX Florence were or were not responsible for the Lewisburg Prison murders about which Warden Vanyur testified at Darryl Johnson's penalty-phase trial;

WHEREFORE, for the foregoing reasons and those set out in Petitioner's Memorandum of Law in Support of this motion, Darryl Lamont Johnson respectfully requests that the Court enter an Order authorizing him to conduct discovery related to the claims contained in his §2255 motion, and directing the discovery requested herein be produced by the government.

Respectfully submitted,


/s/ Terence H. Campbell _____          /s/ Lorinda M. Youngcourt _____

Terence H. Campbell                          Lorinda Meier Youngcourt
Cotsirilos, Tighe & Streicker, Ltd.          1773 Huron Williams Road
33 North Dearborn Street, Suite 600          Mitchell, Indiana  47446
Chicago, Illinois  60602                     (812) 849-9852
(312) 263-0345

Counsel for Darryl Lamont Johnson

**CERTIFICATE OF SERVICE**

Terence H. Campbell, an attorney, hereby certifies that in accordance with hereby certifies that in accordance with Fed.R.Crim.P. 49, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

1.      Petitioner's Renewed Motion In Light of *Massaro v. United States* For Leave to Conduct Discovery

was served pursuant to the District Court's ECF system as to ECF filers, including the United States Attorney's Office.

/s/  Terence H. Campbell
Terence H. Campbell