IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee - Respondent, | ) | No. 02 C 6998 |
| | ) | |
| vs. | ) | Hon. Suzanne B. Conlon |
| | ) | |
| DARRYL JOHNSON, | ) | |
| | ) | Death Sentence Imposed |
| Defendant - Appellant - Petitioner. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
RENEWED MOTION IN LIGHT OF *MASSARO V. UNITED STATES*
FOR LEAVE TO CONDCUT DISCOVERY**

## I. THE LAW GOVERNING POST-CONVICTION DISCOVERY

Rule 6 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* ("Habeas Rule 6"), grants a District Court the specific and express authority to order discovery in §2255 proceedings. Specifically, Habeas Rule 6 provides:

> A party may invoke the processes of discovery available under the Federal Rules of Criminal Procedure or the Federal Rules of Criminal Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Habeas Rule 6(a).

The United States Supreme Court addressed discovery under Habeas Rule 6 in *Bracy v. Gramley,* 502 U.S. 899 (1997). Bracy was convicted and sentenced to death in Illinois for a triple murder. After his sentencing, Bracy's trial judge was convicted of taking bribes from defendant's in criminal cases. In his habeas petition, Bracy alleged that although the judge was not bribed in his case, "he 'fixed' other murder cases during and around the time of [Bracy's]

trial." *Id.* at 902. Bracy argued that the judge had an interest in his conviction "to deflect suspicion that he was taking bribes in other cases." *Id.*

In reversing the Seventh Circuit Court of Appeals opinion affirming the district court's denial of discovery, the Supreme Court first identified the "essential elements" of the claim. *Id.* at 904, citing *United States v. Armstrong*, 517 U.S. 456 (1996). The Court found that the "Due Process Claus clearly requires a "fair trial in a fair tribunal," before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Id*. at 904-905, *quoting, Withrow v. Larkin*, 421 U.S. 35, 46 (1975).

The Court addressed the Seventh Circuit's finding that Bracy's assertion that the trial judge had an interest in the outcome of his case in an effort to deflect suspicion to be "quite speculative" because the trial judge was just as likely to "be careful to appear to favor all criminal defendants" *Id.* at 905.

> [D]ifficulties of proof aside, there is no question that, if it could be proved such compensatory, camouflaging bias on Maloney's part in petitioner's own case would violate the Due Process Clause of the Fourteenth Amendment.

*Id.* After a review of the evidence set forth in Bracy's habeas petition, the Supreme Court concluded Bracy had shown "good cause" for discovery under Rule 6(a). Noting that "where specific allegations before the court show reason to believe that the petitioner ***may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief***, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id*. at 908-909 (emphasis added), *citing*, *Harris v. Nelson,* 394 U.S. 286, 300 (1969).

II.  **APPLICATION OF THESE PRINCIPALS SHOW THAT PETITIONER IS ENTITLED TO THE REQUESTED DISCOVERY**

In his *Renewed Motion for Discovery in Light of Massaro v. United States* (hereafter, *Motion*), Petitioner has requested discovery of only items related to his ineffective-assistance-of-counsel claim.  Johnson's ineffectiveness claim is based upon his trial counsel's failure to investigate and prepare for the presentation of evidence in support of the government's alleged future dangerousness aggravator.  This claim is fully set out in Petitioner's §2255 motion, the memorandum in support thereof, and *Petitioner's Response to Government's Motion to Reconsider the Court's March 11, 2003 Opinion and Order in Light of the Supreme Court's Ruling in <u>Massaro v. United States</u>, <u>Wiggins v. Smith</u>,, and <u>Rompilla v. Beard</u>.*

The Sixth Amendment right to the effective assistance of counsel clearly requires counsel in a capital case to investigate and prepare for the presentation of aggravating factors in justifying a death sentence.  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Williams v. Taylor*, 529 U.S. 362, 396 (2000); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Canaan v. McBride*, 395 F.3rd 376, 384 (2005).  ABA Standards for Criminal Justice.  As set out in the motions listed above, Mr. Johnson's trial counsel did not meet the prevailing professional norms of reasonably competent counsel and but for their omissions their exists a reasonable probability that the outcome of Mr. Johnson's sentencing hearing would have been different.

It is not for this court to access the difficulty of proving the ineffectiveness claim.  *Bracy*, 502 U.S. at 905.  Rather, the court should look to the specific allegations and determine whether "the petitioner ***may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.***"  *Id*. at 908-909 (emphasis added), *citing*, *Harris,* 394 U.S. at 300.

1.  **DOJ & BOP Materials on Allowable Conditions of Confinement and Requests of Special Conditions in Particular Cases**

These materials are requested in paragraphs 10(a)(1) and (2) of Mr. Johnson's renewed discovery motion. Mr. Johnson has reason to believe that these materials exist based on the Government's Brief in *United States v. Felipe*, Case No. 97-1155, *a copy of which is attached as Exhibit A to Petitioner's Response filed herein.* Had trial counsel obtained these materials, he could have used them to impeach the testimony of Warden Vanyur and show that in fact Mr. Johnson could be housed on strict conditions of confinement. These materials will assist the petitioner fully develop his claim and demonstrate that he is entitled to relief.

2.  **BOP Materials Concerning Inmates Housed under Additional Conditions of Confinement**

These materials are requested in paragraphs 10(a)(3), (6), (7), and (9) of Mr. Johnson's renewed motion for discovery. Mr. Johnson has reason to believe that these materials exist because of information previously presented to the Court regarding the conditions of confinement being imposed on various BOP inmates at the time of Darryl Johnson's trial, including as to Ramzi Yousef, Luis Felipe, Thomas Silverstein, and Clayton Fountain. Had trial counsel obtained these materials, he could have presented them as evidence in support of his mitigating circumstance that Mr. Johnson could be sentenced to life in prison without the possibility of parole and he would "not be a serious and continuing danger to society because the government has the power to imprison him for the rest of his life in a maximum security federal prison designed to control and monitor his behavior." (Findings of Intent as to the killing of Charles Banks, p. 4). These materials will assist the petitioner fully develop his claim and demonstrate that he is entitled to relief.

**3.      Materials concerning other testimony concerning conditions of confinement**

These materials are requested in paragraphs 10(a)(4), (5), (10), and (11) of Mr. Johnson's renewed motion for discovery. Had trial counsel obtained these materials they could have been used to impeach the testimony of Warden Vanyur and in support of Mr. Johnson's mitigating circumstances set out above.

**4.      Materials concerning Super Cells at ADX**

These materials are requested in paragraphs 10(a)(8) of Mr. Johnson's renewed motion for discovery.  Petitioner has reason to believe that these materials exist based on counsel's experience in obtaining similar documents concerning corrections facilities in other jurisdictions. Had trial counsel obtained these materials they could have been used to educate the jury on the BOP's options in housing Mr. Johnson.

**5.      Materials concerning Lewisburg Murders**

These materials are requested in paragraphs 10(a)(13) and (14) of Mr. Johnson's renewed motion for discovery.  Petition has reason to believe that these materials exist based on the post-trial evidentiary hearing held on July 27, 1998 and the hearings leading up to that evidentiary hearing.  Had trial counsel obtained these materials pre-trial they could have been used to significantly impeach the testimony of Warden Vanyur.

WHEREFORE, for the foregoing reasons, Petitioner Darryl Lamont Johnson respectfully requests that the Court enter an Order authorizing him to conduct discovery related to the claims contained in his §2255 motion, and directing the discovery requested herein be produced by the government.

Respectfully submitted,

/s/ Terence H. Campbell      /s/ Lorinda M. Youngcourt

Terence H. Campbell       Lorinda Meier Youngcourt
Cotsirilos, Tighe & Streicker, Ltd.    1773 Huron Williams Road
33 North Dearborn Street, Suite 600   Mitchell, Indiana  47446
Chicago, Illinois  60602      (812) 849-9852
(312) 263-0345

Counsel for Darryl Lamont Johnson

**<u>CERTIFICATE OF SERVICE</u>**

Terence H. Campbell, an attorney, hereby certifies that in accordance with hereby

certifies that in accordance with Fed.R.Crim.P. 49, LR 5.5, and the General Order on Electronic

Case Filing (ECF), the following document:

1. Memorandum of Law in Support of Petitioner's Renewed Motion In Light of *Massaro v. United States* For Leave to Conduct Discovery

was served pursuant to the District Court's ECF system as to ECF filers, including the United

States Attorney's Office.

/s/  Terence H. Campbell
Terence H. Campbell