

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLONIS
EASTERN DIVISION

**FILED**

NOV - 5 2010

Nov 5 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DARRYL JOHNSON,

           Petitioner,

vs.

           Case No. # __02C6998__

UNITED STATES OF AMERICA,

           Respondent.

---

## MOTION FOR LEAVE TO CONDUCT DISCOVERY AND SUPPORTING MEMORANDUM OF LAW

The Petitioner Darryl Johnson (hereafter referred to as "Johnson" and/or "Petitioner"), acting pro se, pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and pursuant to Rule 6 of the Rules Governing §2255 Proceedings, files his initial Motion for Leave to Conduct Discovery and Supporting Memorandum. This pro se request for leave to conduct discovery, which includes request for production of records, documents, FBI rough notes, taped interviews with confidential informants and other adverse witnesses and other germane evidence, is necessary for the investigation and presentation of the constitutional claims to be raised in Johnson's 28 U.S.C. §2255 motion. Further discovery request will likely be forthcoming once the Court has ruled upon Johnson's initial discovery request and Johnson has had a reasonable opportunity to conduct to conduct whatever additional discovery is necessary, if

1.

any, that this Court determines appropriate under governing law. Because of appointed habeas counsels deep rooted obstinacy to filing authorized discovery in these capital proceedings, and because Johnson is without redress or remedy under law for habeas counsels ineffectiveness during habeas proceedings he is asking the Court to accept and rule under applicable law to the discovery requested presented herein fully with consideration to the paramount seriousness of these capital proceedings.

As a general matter, discovery is authorized by Rule 6 of the Rules Governing 28 U.S.C. § 2255 Proceedings. The requested discovery as set forth in more detail below is essential to guarantee the Petitioner a full and fair opporunity to discover, develope and fairly present in his §2255 motion (and any subsequent amendments to that motion) all possible constitutional claims for relief in his case and the factual bases for such claims. The contents of any §2255 motion filed prior to the authorization of such discovery (and sufficient time thereafter to investigate fully all possible leads arising from such initial discovery) will necessarily be incomplete both as to the scope and content of the claims to be presented as well as to the underlying factual predicate for any claims that are presented in the initial § 2255 motion. In addition, unless the Court authorizes Johnson to conduct such discovery, this Court will be deprived of any meaningful opportunity to review and resolve all such claims and their underlying factual bases.

For these reasons, Petitioner request that this Court resolve the issues contained in this and any subsequent motion for discovery prior to foreclosing Johnson from a final opportunity to amend his § 2255 motion, and prior to the scheduling of an evidentiary hearing on any claims set forth in Johnson's amended § 2255 motion.

2.

## I.   LEGAL AUTHORITY FOR DISCOVERY

### A. Introduction

Rule 6 of the Rules Governing § 2255 Proceedings for the United States District Courts gives this Court express authority to order discovery:

> A party may invoke the process of discovery available under the Federal Rules of Criminal Procedure, which includes corresponding discovery rule for § 2254 available under both the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, and elsewhere in the usage and principles of law if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so.

Rule 6(a) incorporates the United States Supreme Court's directive that a federal ahbeas corpus petition is "entitled to careful consideration and plenary pro-cessing of [his claims,] including full opportunity for presentation of the relevant facts." Harris v. Nelson, 394 U.S. 286, 298 (1969); see also Blackledge v. Allison, 431 U.S. 63, 82-83 (1977); cf. Rules Governing § 2254 Cases in the United States District Courts, Advisory Committee Note to Rule 6 ("Subdivision (a) is consistent with Harris v. Nelson, supra at 298. Here Johnson clearly satisfies the consideration of requirements for the Court to grant his discovery request.

### B.   Good Cause

The Court may grant § 2255 petitioners such as Johnson leave to conduct discovery when "good cause" for doing so is shown. Under guiding principles set out by the United States Supreme Court, "good cause" for discovery in habeas corpus proceedings is established "where specific allegations before the court show reason to believe that the petition may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-909 (1971).

In granting certiorari review, the Supreme Court found both the district courts, as well as the Seventh Circuit's determinations that Bracy was not entitled

3.

to requested discovery to be erroneous, not properly considered under the applicable standards of law. Bracy II, 520 U.S. at 903. The Supreme Court, held, inter alia, that, the proper review of a habeas petitioner's discovery request is:

> In any event, difficulties of proof of claims sets aside, there is no question that, if the materials requested could prove claims presented, as Bracy'- made against Judge Maloney such would violate the Due Process Clause of the Fourteenth Amendment.

Briefly touching on the facts underlying Bracy's discovery request, he was convicted of capital murder and sentenced to death in 1981 by Cook County Circuit Judge Thomas J. Maloney. He sought discovery to demonstrate Judge Maloney's bias in his conviction, inasmuch as Judge Maloney accepting bribes from criminal defendants in his court, and either arranging for acquicals or convictions reduced to low grade offensive. Whereas, because Bracy did not afford Judge Maloney with expected bribes he was convicted of capital murder and actually ruled against him in numerous pre-trial proceedings to compensate for the many pro-defendant rulings previous to and after Bracy's case. Bracy sought discovery under Rule 6(a) "so he could try to find out whether there was actual bias by Judge Maloney at his trial. The district court denied such as being too speculative and the Seventh Circuit, although with a strong dissent affirmed such discovery being denied. Granting certiorari review the Supreme Court reversed such holding that the district court and Seventh Circuit used the wrong analysis in considering Bracy's discovery request. Even those the Supreme Court aggreed that the theory of compensatory judicial bais was "quite speculative," the Court maintained that speculative considerations are not sole determinative for granting Rule 6(a) discovery.

Applying the governing law to the facts, the Court explained the proper application of Habeas Rule 6:

> In Harris [v. Nelson, 394 U.S. 286 (1969)], we stated that "where specific

4.

allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300. Habeas Corpus Rule 6 is meant to be "consistent' with harris . . . It may well be, that a petitioner will not be able to obtain sufficient evidence to . . . [prove his claim], but we hold that he has established a sufficient showing, as required by Habeas Corpus Rule 6(a), to establish "good cause" for discovery when the claims presented are tenable. Bracy II, 520 U.S. at 908-09.

So long as the information before the court "support[s] the inferences" of constitutional deprivation alleged by the petitioner, "good cause" exist and discovery is mandated if "[t]he information requested by the petitioner would tend to prove or disprove the validity of such inferences and is relevant to petitioner's claim. Rice v. Black, 112 F.R.D. 620, 626 (D.Neb.1986). See e.g., Rice v. Clarke, 923 F.2d 117, 118-19 (8th Cir. 1991)(discovery of relevant FBI records required); East v. Scott, 55 F.3d 996, 1001 (5th Cir. 1995)(where petitioner alleged Brady violation, entitled to discovery tp prove allegations), granting relief after discovery, East v. Johnson, 1997 WL 570214 (5th Cir. 1997); Teague v. Scott, 60 F.3d 1167 (5th Cir. 1995); Toney v. gammon, 79 F.3d 693 (8th Cir. 1996)(petitioner entitled to discovery of physical evidence to establish constitutional claims).

It should also be noted that in a §2255 case, like a civil case, discovery necessarily precedes resolution of claims on summary judgment. To be entitled to discovery, Johnson need not conclusively establish his entitlement to relief on the merits of his claims. Payne v. Bell, 89 F.Supp.2d 967, 971 (W.D.Tenn.2000) (good cause to grant discovery is not as high as the standard for granting relief

5.

or even as that for granting an evidentiary hearing). Johnson's discovery request presented with specific identification and reeasoning predicating such more than satisfies the "good cause" standard for granting such.

### C. McClesky v. Zant

In McCleskey v. zant, 449 U.S. 467, 489 (1991), the United States Supreme Court held that a habeas petitioner abuses the writ of habeas corpus by raising a claim in a subsequent petition that he could of raised in the first, regardless of whether the failure was deliberate or not. A federal habeas petitioner must include in his initial petition "what petitioner knows or could have discovered upon reasonable investigation. . ." Id. at 498. Otherwise, he will later be foreclosed from having new claims considered on the merits in subsequent habeas actions.

Here, Johnson now seeks to make a "reasonable investigation" into all claims or potential claims for which he has a good faith basis to believe exist in his case, and to "pursue the matter through the habeas process" of discovery under Rule 6, the procedure expressly articulated by the Supreme Court in McCleskey. Having placed an affirmative duty upon those seeking habeas relief to raise all claims in their initial petition, McCleskey places a concomitant duty upon the federal courts to provide petitioners with the necessary tools to meet this obligation, including discovery and services necessary for Johnson to effectively utilize these discovery tools. Because this is Johnson's first §2255 motion and he sets forth below sufficent basis for alleging possible deprivations of his constitutional rights, McClesky entitles him to discover evidence and information which could prove that he is entitled to relief.

### D. The AEDPA

The severe and potential fatal consequences of any perceived failure on the part of a habeas petitioner to raise, as soon as practicable, all constitutional

6.

claims in a habeas corpus petition have been codified and expnaded upon by Congress with passage of the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"] of 1996. Under the AEDPA, claims not raised in an initial petition must be cerified by the Circuit Court as either based on newly discovered evidence establishing actual innocence or based upon a new rule of constitutional law that was previously unavailable. See 28 U.S. §2255. In short, the AEDPA expands upon the limitations set forth in McCleskey concerning the litigation of new claims in second or successive habeas corpus petitions, thereby underscoring the necessity of raising all possible claims in the first petition. With that necessity, therefore, comes a corollary duty on the part of the federal judiciary to provide habeas petitioners the means for discovering, developing and presenting all such claims and their factual bases through the recognized and available tools of claims/fact development, including discovery.

### F. Discovery Is Especially Warranted in a Capital Case

The policies favoring discovery are even stronger in capital cases than in noncapital cases because the "finality" of death and its "qualitative[]differences from a sentence of imprisonment, however long," magnifies the "need for reliability" and, accordingly, the need for reliable fact-determination procedures. Woodson v. North Carolina, 428 U.S. 280, 305 (1976); McFarland v. Scott, 512 U.S. 849, 855 (1994). Because this is a death penalty case, broad discovery is necessary to ensure that extra measure of process is taken which are demanded in capital cases. "[I]f death is involved, the petitioner should be presented every possible opportunity . . . to present facts relevant to his constitutional claims." Wilson v. Butler, 825 F.2d 879, 883 (5th Cir. 1987). In fact, the capital petitioner who fails to request discovery in his initial habeas petition may lose his life because he failed to investigate his case

7.

earlier.  <u>Tucker v. Kemp,</u> 819 F.2d 978, 981 (11th Cir. 1987)(on the eve of his execution, the court found abuse of the writ and denied relief where capital petitioner failed to timely seek discovery during the filing of his first habeas petition).  Given the gravity of this capital case, Johnson requests this Court's leave to conduct discovery which will enable him to fully investigate, deveop, and present any and all relevant constitutional claims for relief in his capital habeas 2255 motion

## II.  DISCOVERY REQUESTS

### A.  Investigation Files

The Petitioner moves this Court to order the Government to produce any and all records, notes, 302s, including initial drafts of 302s, and other documents possessed by the Federal Bureau of Investigation ("FBI") pertaining to the investigation and prosecution in his capital conviction.  Upon information and belief, Johnson is claiming that the Government engaged in misconduct in numerous ways in this case, including, but not limited to: falsifying declarations and/or testimny to the grant jury in obtaining a indictment, altered and/or manufactured both physical and testimony evidence in transcripts, as well as knowingly using suborn testimony by confidential informants for establishing probable cause for issuance of warrants and in gaining a capital conviction.

### B.  Charles Banks

The Petitioner moves this court to order the Government to produce any and all records, notes (including rough notes taken by the FBI), including initial drafts or 302s, and other documents possessed by the FBI and/or Prosecuting Attorney's Office pertaining to questioning of **Charles Banks** relevant to Johnson's capital conviction and collateral investigation.  More specifically, Johnson

moves the Court to order the Government to produce and turn over to him all relevant rough notes and/or notes taken by agents during the January, 1995 surveillance of his residence by the FBI, which includes specifically on the date that Charles Bank alleges to have made contact with Johnson. Johnson request a copy of the tape that recorded the alleged contact Bank's claims to of encountered with Johnson on that date, as well as the transcript of that tape.

## CONCLUSION

Given the gravity of this capital case Darryl Johnson, request leave to conduct the requested discovery, including production of records and evidence, which will enable him to fully investigation, develop, and present any and all relevant constitutional claims, but not limited to prosecutorial misconduct and ineffective assistance of counsel. Thereis "good cause" for this discovery, there the Court should readily grant Johnson to conduct discovery and order the materials delineated through the above to be produced, and if not produced by the Government then reasons set forth by the Government for its failure to produce relevant documents, records and tapes, and other requested evidence.

For all the reasons set forth above, Johnson respectfully request that this Court grant him the requested discovery and other relief set forth in this motion.

Dated: November 1st., 2010

RESPECTFULLY SUBMITTED,

_Darryl Johnson_
Darryl Johnson # 06 710 - 424
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

9.

## Certificate Of Service

This is to certify that the undersigned did serve a true and correct of the foregoing "Motion For Leave To Conduct Discovery And Supporting Memorandum of Law" on the United States Attorney, United States Attorney's Office, United States Courthouse, 219 South Dearborn Street, Chicago, Ill 60604 via U.S. Mail, First Class postage prepaid on this 1st. day of November, 2010.

Darryl Johnson
Deponent

10.