IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellant, | ) | No. 02 C 6998 |
| | ) | |
| vs. | ) | Hon. William J. Hibbler |
| | ) | |
| DARRYL JOHNSON, | ) | Capital Case |
| | ) | |
| Petitioner-Appellee. | ) | |

## DARRYL LAMONT JOHNSON'S NOTICE OF CROSS-APPEAL

Defendant Darryl Lamont Johnson, by his attorneys, Terence H. Campbell of Cotsirilos, Tighe & Streicker, and Lorinda Meier Youngcourt, pursuant to Rules 3(a)(1) and 4(a)(3) of the Federal Rules of Appellate Procedure, hereby gives notice of cross-appeal to the United States Court of Appeals for the Seventh Circuit from the judgment of the District Court, entered March 11, 2003, partially denying Mr. Johnson's motion under 28 U.S.C. § 2255, and the portion(s) of the judgment entered by the District Court on December 13, 2010, other than those parts finding Johnson received ineffective assistance of counsel and granting a new sentencing hearing, specifically the portion(s) of the December 13, 2010 Order finding various of Mr. Johnsons's other claims to be "moot."

Undersigned counsel wishes to alert the Court that we have also filed with the Seventh Circuit a Motion to Dismiss the government's appeal from this Court's December 13, 2010 Order, vacating Mr. Johnson's death sentences and ordering that he be resentenced, because that Order is not final and appealable until Mr. Johnson is actually resentenced. *Andrews v. United States*, 373 U.S. 334, 339 (1963) ("Where, as here, what was appropriately asked and appropriately granted was the resentencing of the petitioners, *it is obvious that there could be no final disposition of the § 2255 proceedings until the petitioners were resentenced.*"). A copy of Johnson's Motion to Dismiss The

Government's Appeal For Lack of Jurisdiction is attached hereto as Exhibit A. This notice of cross-appeal is being filed in an abundance of caution, in order to ensure we protect Mr. Johnson's appellate rights with respect to the § 2255 claims that the District Court previously denied or found moot. For the reasons stated in Johnson's Motion to Dismiss the Appeal (Ex. A), the filing of this notice of cross-appeal should not be construed as a concession that jurisdiction properly lies with the Court of Appeals for the Seventh Circuit at this time.

Respectfully submitted,

/s/ Terence H. Campbell
Terence H. Campbell
Cotsirilos, Tighe & Streicker, Ltd.
33 North Dearborn Street, Suite 600
Chicago, Illinois 60602
(312) 263-0345

/s/ Lorinda M Youngcourt
        Lorinda Meier Youngcourt
Youngcourt Law Office
P.O. Box 206
Huron, Indiana 47437-0206
(866) 274-3218

*Counsel for Darryl Lamont Johnson*

2

**CERTIFICATE OF SERVICE**

Terence H. Campbell, an attorney, hereby certifies that in accordance with hereby certifies that in accordance with Fed.R.Crim.P. 49, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

1.      Petitioner's Notice of Cross-Appeal

was served pursuant to the District Court's ECF system as to ECF filers, including the United States Attorney's Office.


/s/  Terence H. Campbell
Terence H. Campbell

# EXHIBIT A

No. 11-1326

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

U.S.C.A. – 7th Circuit
RECEIVED
FEB 2 3 2011 RMS
GINO J. AGNELLO
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent-Appellant*, | ) | |
| | ) | No. 02 C 6998 |
| v. | ) | |
| | ) | Honorable William J. Hibbler, |
| DARRYL LAMONT JOHNSON, | ) | Judge, Presiding. |
| | ) | |
| *Petitioner-Appellee.* | ) | |

### APPELLEE'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

Darryl Lamont Johnson, through his court-appointed counsel, Terence H. Campbell of Cotsirilos, Tighe & Streicker, and Lorinda M. Youngcourt, hereby moves this Court to Dismiss the instant appeal for lack of jurisdiction. In support of this motion, Petitioner-Appellee states as follows:

1.      Darryl Johnson was convicted after a jury trial of multiple counts of a criminal indictment. He was sentenced to death on two of the counts, and is currently in the custody of the Bureau of Prisons, housed in Terre Haute, Indiana.

2.      After exhausting his direct appeals, Johnson filed a §2255 petition alleging, *inter alia*, that his trial counsel provided ineffective assistance during his penalty phase sentencing hearing and sought a new sentencing hearing on that ground. On December 13, 2010, the district court granted Johnson's § 2255 petition, finding that he had established that he received ineffective assistance of counsel under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and the district court ordered a new sentencing hearing. (*United States v. Johnson*, 02 C 6998, Dec. 13, 2010 Order, District Court Docket No. 112).

3. Petitioner Johnson has not yet been resentenced nor has a new sentencing hearing been set. Therefore the district court's December 13, 2010 Order is not a final and appealable order. *Andrews v. United States*, 373 U.S. 334 (1963) (discussed below). On February 10, 2011, however, the government filed a Notice of Appeal of the district court's December 13, 2010 order requiring a new sentencing hearing. In its Docketing Statement, the government claimed that this Court "has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a)," both of which require a "final order" before appeal can be taken. (Govt. Docketing St.; see 28 U.S.C. § 1291 (Courts of Appeal have jurisdiction over "all final decisions" of the district courts); 28 U.S.C. § 2253(a) ("the final order shall be subject to review, on appeal"). The government asserted no other basis for this Court's jurisdiction. Because the December 13, 2010 Order by the district court granting a new sentencing hearing is not a final and appealable order, this Court does not have jurisdiction, and the appeal must be dismissed.

4. The law is clear that when a district court orders a new sentencing hearing in a § 2255 proceeding, that is *not* a final and appealable order. *Andrews*, 373 U.S. 334. Instead, the matter can only be appealed after the new sentencing hearing has taken place and a new sentence has been imposed. *Ibid.* In *Andrews*, the Supreme Court squarely addressed the issue, holding: "Where, as here, what was appropriately asked and appropriately granted was the resentencing of the petitioners, *it is obvious that there could be no final disposition of the § 2255 proceedings until the petitioners were resentenced.*" *Andrews*, 373 U.S. at 339 (emphasis added). The Court explained,

> The basic reason for the rule against piecemeal interlocutory appeals in the federal system is particularly apparent in the cases before us. *Until the petitioners are resentenced, it is impossible to know whether the Government will be able to show any colorable claim of prejudicial error.* The district court may, as before, sentence the petitioners to the same 25 years imprisonment; it may place one or both of them on probation; it may

-2-

make some other disposition with respect to their sentences. *But until the court acts, none of the parties to this controversy will have had a final adjudication of his claims by the trial court in these § 2255 proceedings.*"

*Id.* at 340. As the Supreme Court explained based on the plain language of the statute, a district court's order under § 2255 that contemplates a future sentencing is not a final and appealable order. *Andrews*, 373 U.S. at 340. Accordingly, no appeal can be taken from such an order. *Id.*

5.     The *Andrews* rule is, of course, followed by this Court. *Lowe v. United States*, 923 F.2d 528, 530 (7th Cir. 1991) ("appeals [can] not be taken *before* entry of a sentencing order following the grant of a § 2255 motion.") (emphasis in original). It clearly applies equally to new sentencing hearings ordered in § 2255 proceedings in capital cases. As the Court in *United States v. Hammer* held, "Section 2255 applies in capital and non-capital cases alike, as the statute under which federal prisoners file habeas corpus petitions," thus "[a]n order that contemplates a future resentencing [in a capital case] but does not accomplish it is not an 'order entered on the motion' and is not final and appealable." 564 F.3d 628, 634 (3rd Cir. 2009) (quoting 28 U.S.C. § 2255(d)); *United States v. Stitt*, 459 F.3d 483 (4th Cir. 2006) (because Stitt has not yet been resentenced, we find that we lack jurisdiction over this appeal. We dismiss the appeal for lack of jurisdiction and remand to the district court for resentencing.").

6.     Indeed, there is an unbroken line of cases following *Andrews* that makes clear appeals cannot be taken by the government prior to resentencing. *United States v. Hayes*, 532 F.3d 349, 352 (5th Cir. 2008) (stating that, in *Andrews*, "the Supreme Court found that when a § 2255 petitioner is granted a resentencing, the government may not appeal that finding until *after* the resentencing occurs"); *United States v. Futch*, 518 F.3d 887, 892 (11th Cir. 2008) ("We conclude that Futch's § 2255 proceeding was not final until he was resentenced" following *Andrews* holding "that a district

-3-

court's § 2255 order granting resentencing is not appealable until after resentencing."); *United States v. Hadden*, 475 F.3d 652, 662 (4th Cir. 2007) ("the Supreme Court [in *Andrews*] held that until the district court actually resentenced the petitioners, the § 2255 proceeding was not complete, and no appeal could be taken from the district court's order contemplating, but not accomplishing, the prisoners' resentencing," thus, pursuant to *Andrews*' holding, "a district court's order, which contemplated the petitioners' future resentencings, but did not actually sentence the petitioners, was a non-appealable interlocutory order under § 2255); *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) (same); *United States v. McCoy*, 410 F.3d 124, 130-31 (3d Cir. 2005) (same); *United States v. Duardi*, 514 F.2d 545, 547 (8th Cir. 1975) (same); 15B Charles Alan Wright et al., *Federal Practice and Procedure* § 3919.9 (2008).

7.      Pursuant to *Andrews* and the long line of cases following *Andrews*, including this Circuit's decision in *Lowe*, this Court does not have jurisdiction over this appeal because the resentencing has not yet taken place. The district court's December 13, 2010 Order is not a final and appealable order. Accordingly, the government's appeal is premature and must be dismissed.

8.      Last week, undersigned counsel advised the prosecutors in writing about *Andrews*, *Lowe*, and the line of cases holding that the government cannot appeal the granting of a new sentencing hearing in a § 2255 case until the resentencing has occurred, and asked the government to dismiss its premature appeal. However, for reasons that are unclear, the government said that it would not voluntarily dismiss its appeal and would require us to file a motion to dismiss. Accordingly, we are filing this motion.[1]

---

[1] In an abundance of caution, undersigned counsel is filing a timely notice of cross-appeal contemporaneously with this Motion to Dismiss in order to assure Johnson's appellate rights are preserved with respect to other aspects of his § 2255 claims. For the reasons set forth herein, the

-4-

WHEREFORE, Appellee Darryl Johnson respectfully requests that this Court issue an Order dismissing this appeal for lack of jurisdiction.

Respectfully submitted,

Terence H. Campbell
Cotsirilos, Tighe & Streicker
33 North Dearborn, Suite 600
Chicago, IL 60602
(312) 263-0345

---

filing of this notice of cross-appeal, however, should not be construed as a concession that jurisdiction properly lies with this Court at this time.

-5-

No. 11-1326

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent-Appellant,* | ) | No. 02 C 6998 |
| | ) | |
| **v.** | ) | Honorable William J. Hibbler, |
| | ) | Judge, Presiding. |
| **DARRYL LAMONT JOHNSON,** | ) | |
| | ) | |
| *Petitioner-Appellee.* | ) | |

---

## AFFIDAVIT

I, Terence H. Campbell, a member of the Bar of the State of Illinois, having been duly sworn,

state as follows:

1. I have prepared the attached Motion To Dismiss Appeal For Lack of Jurisdiction.

2. All the factual representations I have made in that motion are true and correct to the

best of my knowledge and belief.

Further Affiant Sayeth Not.

_____
Terence H. Campbell

Signed and sworn before me on this
23rd day of February, 2011.

_____
Notary Public

```
OFFICIAL SEAL
BARBARA J DARDAR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/30/12
```

No. 11-1326

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| *Respondent-Appellant,* | ) | No. 02 C 6998 |
| | ) | |
| v. | ) | Honorable William J. Hibbler, |
| | ) | Judge, Presiding. |
| DARRYL LAMONT JOHNSON, | ) | |
| | ) | |
| *Petitioner-Appellee.* | ) | |

### NOTICE OF FILING & PROOF OF SERVICE

**To:** David Bindi
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

Please take notice that on this 23rd day of February, 2011, I filed with the Clerk of this Court and served upon the party listed above, by personal service, the attached Motion to Dismiss For Lack of Jurisdiction.

Terence H. Campbell