IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellant, | ) | No. 02 C 6998 |
| | ) | |
| vs. | ) | Hon. William J. Hibbler |
| | ) | |
| DARRYL JOHNSON, | ) | Capital Case |
| | ) | |
| Petitioner-Appellee. | ) | |

### DARRYL LAMONT JOHNSON'S NOTICE OF CROSS-APPEAL

Defendant Darryl Lamont Johnson, by his attorneys, Terence H. Campbell of Cotsirilos, Tighe & Streicker, and Lorinda Meier Youngcourt, pursuant to Rules 3(a)(1) and 4(a)(3) of the Federal Rules of Appellate Procedure, hereby gives notice of cross-appeal to the United States Court of Appeals for the Seventh Circuit from the judgment of the District Court, entered March 11, 2003, partially denying Mr. Johnson's motion under 28 U.S.C. § 2255, and the portion(s) of the judgment entered by the District Court on December 13, 2010, other than those parts finding Johnson received ineffective assistance of counsel and granting a new sentencing hearing, specifically the portion(s) of the December 13, 2010 Order finding various of Mr. Johnsons's other claims to be "moot."

Undersigned counsel wishes to alert the Court that we have also filed with the Seventh Circuit a Motion to Dismiss the government's appeal from this Court's December 13, 2010 Order, vacating Mr. Johnson's death sentences and ordering that he be resentenced, because that Order is not final and appealable until Mr. Johnson is actually resentenced. *Andrews v. United States*, 373 U.S. 334, 339 (1963) ("Where, as here, what was appropriately asked and appropriately granted was the resentencing of the petitioners, *it is obvious that there could be no final disposition of the § 2255 proceedings until the petitioners were resentenced.*"). A copy of Johnson's Motion to Dismiss The

Case: 1:02-cv-06998 Document #: 119 Filed: 02/23/11 Page 2 of 11 PageID #:1467

Government's Appeal For Lack of Jurisdiction is attached hereto as Exhibit A. This notice of cross-appeal is being filed in an abundance of caution, in order to ensure we protect Mr. Johnson's appellate rights with respect to the § 2255 claims that the District Court previously denied or found moot. For the reasons stated in Johnson's Motion to Dismiss the Appeal (Ex. A), the filing of this notice of cross-appeal should not be construed as a concession that jurisdiction properly lies with the Court of Appeals for the Seventh Circuit at this time.

Respectfully submitted,

/s/ Terence H. Campbell
Terence H. Campbell
Cotsirilos, Tighe & Streicker, Ltd.
33 North Dearborn Street, Suite 600
Chicago, Illinois 60602
(312) 263-0345

/s/ Lorinda M Youngcourt
Lorinda Meier Youngcourt
Youngcourt Law Office
P.O. Box 206
Huron, Indiana 47437-0206
(866) 274-3218

*Counsel for Darryl Lamont Johnson*

Case: 1:02-cv-06998 Document #: 119 Filed: 02/23/11 Page 3 of 11 PageID #:1468

## CERTIFICATE OF SERVICE

Terence H. Campbell, an attorney, hereby certifies that in accordance with hereby certifies that in accordance with Fed.R.Crim.P. 49, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

1.     Petitioner's Notice of Cross-Appeal

was served pursuant to the District Court's ECF system as to ECF filers, including the United States Attorney's Office.

/s/  Terence H. Campbell
Terence H. Campbell

# EXHIBIT A

No. 11-1326

**UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

U.S.C.A. – 7th Circuit
RECEIVED
FEB 2 3 2011 RMS
GINO J. AGNELLO
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent-Appellant,* | ) | |
| | ) | No. 02 C 6998 |
| v. | ) | |
| | ) | Honorable William J. Hibbler, |
| **DARRYL LAMONT JOHNSON,** | ) | Judge, Presiding. |
| | ) | |
| *Petitioner-Appellee.* | ) | |

**APPELLEE'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION**

Darryl Lamont Johnson, through his court-appointed counsel, Terence H. Campbell of

Cotsirilos, Tighe & Streicker, and Lorinda M. Youngcourt, hereby moves this Court to Dismiss the

instant appeal for lack of jurisdiction. In support of this motion, Petitioner-Appellee states as

follows:

1. Darryl Johnson was convicted after a jury trial of multiple counts of a criminal

indictment. He was sentenced to death on two of the counts, and is currently in the custody of the

Bureau of Prisons, housed in Terre Haute, Indiana.

2. After exhausting his direct appeals, Johnson filed a §2255 petition alleging, *inter alia*,

that his trial counsel provided ineffective assistance during his penalty phase sentencing hearing and

sought a new sentencing hearing on that ground. On December 13, 2010, the district court granted

Johnson's § 2255 petition, finding that he had established that he received ineffective assistance of

counsel under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and the

district court ordered a new sentencing hearing. (*United States v. Johnson*, 02 C 6998, Dec. 13, 2010

Order, District Court Docket No. 112).

3.      Petitioner Johnson has not yet been resentenced nor has a new sentencing hearing been set. Therefore the district court's December 13, 2010 Order is not a final and appealable order. *Andrews v. United States*, 373 U.S. 334 (1963) (discussed below). On February 10, 2011, however, the government filed a Notice of Appeal of the district court's December 13, 2010 order requiring a new sentencing hearing. In its Docketing Statement, the government claimed that this Court "has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a)," both of which require a "final order" before appeal can be taken. (Govt. Docketing St.; see 28 U.S.C. § 1291 (Courts of Appeal have jurisdiction over "all final decisions" of the district courts); 28 U.S.C. § 2253(a) ("the final order shall be subject to review, on appeal"). The government asserted no other basis for this Court's jurisdiction. Because the December 13, 2010 Order by the district court granting a new sentencing hearing is not a final and appealable order, this Court does not have jurisdiction, and the appeal must be dismissed.

4.      The law is clear that when a district court orders a new sentencing hearing in a § 2255 proceeding, that is *not* a final and appealable order. *Andrews*, 373 U.S. 334. Instead, the matter can only be appealed after the new sentencing hearing has taken place and a new sentence has been imposed. *Ibid.* In *Andrews*, the Supreme Court squarely addressed the issue, holding: "Where, as here, what was appropriately asked and appropriately granted was the resentencing of the petitioners, *it is obvious that there could be no final disposition of the § 2255 proceedings until the petitioners were resentenced.*" *Andrews*, 373 U.S. at 339 (emphasis added). The Court explained,

> The basic reason for the rule against piecemeal interlocutory appeals in the federal system is particularly apparent in the cases before us. *Until the petitioners are resentenced, it is impossible to know whether the Government will be able to show any colorable claim of prejudicial error.* The district court may, as before, sentence the petitioners to the same 25 years imprisonment; it may place one or both of them on probation; it may

-2-

make some other disposition with respect to their sentences. *But until the court acts, none of the parties to this controversy will have had a final adjudication of his claims by the trial court in these § 2255 proceedings."*

*Id.* at 340. As the Supreme Court explained based on the plain language of the statute, a district court's order under § 2255 that contemplates a future sentencing is not a final and appealable order. *Andrews*, 373 U.S. at 340. Accordingly, no appeal can be taken from such an order. *Id.*

5. The *Andrews* rule is, of course, followed by this Court. *Lowe v. United States*, 923 F.2d 528, 530 (7th Cir. 1991) ("appeals [can] not be taken *before* entry of a sentencing order following the grant of a § 2255 motion.") (emphasis in original). It clearly applies equally to new sentencing hearings ordered in § 2255 proceedings in capital cases. As the Court in *United States v. Hammer* held, "Section 2255 applies in capital and non-capital cases alike, as the statute under which federal prisoners file habeas corpus petitions," thus "[a]n order that contemplates a future resentencing [in a capital case] but does not accomplish it is not an 'order entered on the motion' and is not final and appealable." 564 F.3d 628, 634 (3rd Cir. 2009) (quoting 28 U.S.C. § 2255(d)); *United States v. Stitt*, 459 F.3d 483 (4th Cir. 2006) (because Stitt has not yet been resentenced, we find that we lack jurisdiction over this appeal. We dismiss the appeal for lack of jurisdiction and remand to the district court for resentencing.").

6. Indeed, there is an unbroken line of cases following *Andrews* that makes clear appeals cannot be taken by the government prior to resentencing. *United States v. Hayes*, 532 F.3d 349, 352 (5th Cir. 2008) (stating that, in *Andrews*, "the Supreme Court found that when a § 2255 petitioner is granted a resentencing, the government may not appeal that finding until *after* the resentencing occurs"); *United States v. Futch*, 518 F.3d 887, 892 (11th Cir. 2008) ("We conclude that Futch's § 2255 proceeding was not final until he was resentenced" following *Andrews* holding "that a district

-3-

court's § 2255 order granting resentencing is not appealable until after resentencing."); *United States v. Hadden*, 475 F.3d 652, 662 (4th Cir. 2007) ("the Supreme Court [in *Andrews*] held that until the district court actually resentenced the petitioners, the § 2255 proceeding was not complete, and no appeal could be taken from the district court's order contemplating, but not accomplishing, the prisoners' resentencing," thus, pursuant to *Andrews*' holding, "a district court's order, which contemplated the petitioners' future resentencings, but did not actually sentence the petitioners, was a non-appealable interlocutory order under § 2255); *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) (same); *United States v. McCoy*, 410 F.3d 124, 130-31 (3d Cir. 2005) (same); *United States v. Duardi*, 514 F.2d 545, 547 (8th Cir. 1975) (same); 15B Charles Alan Wright et al., *Federal Practice and Procedure* § 3919.9 (2008).

7.      Pursuant to *Andrews* and the long line of cases following *Andrews*, including this Circuit's decision in *Lowe*, this Court does not have jurisdiction over this appeal because the resentencing has not yet taken place. The district court's December 13, 2010 Order is not a final and appealable order. Accordingly, the government's appeal is premature and must be dismissed.

8.      Last week, undersigned counsel advised the prosecutors in writing about *Andrews*, *Lowe*, and the line of cases holding that the government cannot appeal the granting of a new sentencing hearing in a § 2255 case until the resentencing has occurred, and asked the government to dismiss its premature appeal. However, for reasons that are unclear, the government said that it would not voluntarily dismiss its appeal and would require us to file a motion to dismiss. Accordingly, we are filing this motion.[1]

---

[1] In an abundance of caution, undersigned counsel is filing a timely notice of cross-appeal contemporaneously with this Motion to Dismiss in order to assure Johnson's appellate rights are preserved with respect to other aspects of his § 2255 claims. For the reasons set forth herein, the

Case: 1:02-cv-06998 Document #: 119 Filed: 02/23/11 Page 9 of 11 PageID #:1474

WHEREFORE, Appellee Darryl Johnson respectfully requests that this Court issue an Order

dismissing this appeal for lack of jurisdiction.

Respectfully submitted,

Terence H. Campbell
Cotsirilos, Tighe & Streicker
33 North Dearborn, Suite 600
Chicago, IL 60602
(312) 263-0345

---

filing of this notice of cross-appeal, however, should not be construed as a concession that jurisdiction properly lies with this Court at this time.

-5-

No. 11-1326

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent-Appellant,* | ) | No. 02 C 6998 |
| | ) | |
| v. | ) | Honorable William J. Hibbler, |
| | ) | Judge, Presiding. |
| DARRYL LAMONT JOHNSON, | ) | |
| | ) | |
| *Petitioner-Appellee.* | ) | |

---

## AFFIDAVIT

I, Terence H. Campbell, a member of the Bar of the State of Illinois, having been duly sworn,
state as follows:

1.     I have prepared the attached Motion To Dismiss Appeal For Lack of Jurisdiction.

2.     All the factual representations I have made in that motion are true and correct to the
best of my knowledge and belief.

Further Affiant Sayeth Not.

Terence H. Campbell

Signed and sworn before me on this
23rd day of February, 2011.

Notary Public

OFFICIAL SEAL
BARBARA J DARDAR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/30/12

No. 11-1326

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent-Appellant,* | ) | No. 02 C 6998 |
| | ) | |
| v. | ) | Honorable William J. Hibbler, |
| | ) | Judge, Presiding. |
| DARRYL LAMONT JOHNSON, | ) | |
| | ) | |
| *Petitioner-Appellee.* | ) | |

### NOTICE OF FILING & PROOF OF SERVICE

**To:**   David Bindi
        Assistant United States Attorney
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604

Please take notice that on this 23rd day of February, 2011, I filed with the Clerk of this Court and served upon the party listed above, by personal service, the attached Motion to Dismiss For Lack of Jurisdiction.

Terence H. Campbell

## SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:    02cv6998

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| USA/Appellee | | Darryl Lamont Johnson/Appellant |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | David Bindi | Name | Terence H. Campbell |
| Firm | USAO | Firm | Cotsirilos, Tighe & Streicker |
| Address | 219 South Dearborn Suite 500 Chicago, IL 60604 | Address | 33 North Dearborn Suite 600 Chicago, IL 60602 |
| Phone | 312-353-5300 | Phone | 312-263-0345 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Hibbler | Date Filed in District Court | 9/30/2002 |
| Court Reporter | A. Roth      5038 | Date of Judgment | 3/12/03, 12/16/2010 |
| Nature of Suit Code | 510 | Date of Notice of Appeal | 2/24/2011 |

COUNSEL:          Appointed  [  ]          Retained  [ X ]          Pro Se  [  ]

FEE STATUS:          Paid  [  ]          Due  [ X ]          IFP  [  ]

IFP Pending  [  ]          U.S.  [  ]          Waived  [  ]

Has Docketing Statement been filed with the District Court Clerk's Office?          Yes  [  ]          No  [ X ]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted  [  ]          Denied  [  ]          Pending  [  ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

Minute Order Form (Rev. 4/99)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6998 (96 CR 379-1) | **DATE** | 3/11/2003 |
| **CASE TITLE** | UNITED STATES vs. DARRYL JOHNSON | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petitioner's motion to vacate conviction and sentence and for new trial pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure [1-1] and petitioner's motion for leave to conduct discovery [10-1] are denied with prejudice as to Grounds I-V and VII-VIII and without prejudice as to Ground VI. ENTER MEMORANDUM OPINION AND ORDER.

Suzanne B. Conlon

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 12 2003 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/11/2003 | |
| CB | courtroom deputy's initials | 03 MAR 11 PM 4:48 | date mailed notice | |
| | | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**MAR 1 2 2003**

UNITED STATES OF AMERICA, )
)
    Plaintiff - Appellee - Respondent, )    No. 02 C 6998
)
v. )    Suzanne B. Conlon, Judge
)
DARRYL JOHNSON, )
)
    Defendant - Appellant - Petitioner. )

## <u>MEMORANDUM OPINION AND ORDER</u>

Darryl Johnson ("Johnson") was convicted of ordering the murder of a person assisting in federal criminal investigation and ordering the murder of that person and another in furtherance of a continuing criminal enterprise. Johnson was sentenced to death. The Seventh Circuit affirmed Johnson's conviction and sentence. *United States v. Johnson*, 223 F.3d 665 (7th Cir. 2000). The Supreme Court denied Johnson's petition for writ of *certiorari. Johnson v. United States*, 122 S. Ct. 71 (2001). Johnson filed a timely petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255") and Fed. R. Crim. P. 33.

In his petition, Johnson claims he was denied effective assistance of counsel, in violation of the Sixth Amendment (Ground I); the government failed to disclose evidence that impeaches a government witness, in violation of the Fifth Amendment (Ground II); the jury relied on incomplete and potentially misleading testimony in sentencing him to death, in violation of the Eighth Amendment (Ground III); the relaxed evidentiary standards allowed by Federal Death Penalty Act of 1994 ("FDPA") during the penalty phase of a capital trial violates the Sixth Amendment (Ground IV); the indictment does not contain all statutory aggravators, in violation of the Fifth Amendment (Ground V); his execution will violate his right to be free from cruel and unusual punishment guaranteed by the Eight Amendment because he may be mentally retarded (Ground VI); his selection for capital prosecution violates his due process rights guaranteed by the Fifth Amendment because

1



federal capital cases are brought disproportionately against minorities (Ground VII); and the jurors may have considered information outside the record in sentencing him to death (Ground VIII). Johnson moves for leave to conduct discovery in connection with his § 2255 petition pursuant to Habeas Rule 6(a).

## BACKGROUND

Johnson was charged in a fifty-one count indictment alleging that he conspired to sell drugs through the Gangster Disciples street gang and ordered the murders of two fellow gang members, Charles Banks and Darryl "Blunt" Johnson. The government sought the death penalty for the two murders by filing a post-indictment Notice of Intent to Seek the Death Penalty under the FDPA. The government dismissed eight counts prior to trial. On November 4, 1997, a jury convicted Johnson on the 43 remaining counts, including the two murder charges.

At Johnson's sentencing hearing, the parties presented evidence on the non-statutory aggravating factor of future dangerousness. The government presented evidence that Johnson was involved in numerous violent crimes, including the discipline of fellow gang members. In addition to the murders of "Blunt" Johnson and Banks, the jury heard testimony about the murder of another fellow gang member, Gregory "G" Sharpe (Tr. 1944-56), a shooting in a McDonald's parking lot that left two people dead (Tr. 1880-87), the shooting of a truck driver who interrupted Johnson's security convoy at an intersection (Tr. 1891-95), the murder of a rival gang member (Tr. 1888-90) and several severe beatings Johnson ordered. (Tr. 1800-1805, 1896-1916). The government offered evidence that Johnson was convicted of manslaughter for shooting and killing Jesse Simpson in 1983. Tr. 1847-53, 1975. A Metropolitan Correctional Center officer testified that Johnson threatened to "get" fellow gang member and co-defendant Quan Ray while they were in custody awaiting trial. Tr. 1863-72.

In response, Johnson called Dr. Mark Cunningham to testify about the custodial options available to the Bureau of Prisons ("BOP"), including the control unit in the federal maximum security prison in Florence, Colorado ("ADX Florence"). Tr. 2282-87. Cunningham testified that

2

Johnson could be permanently sentenced to the control unit in ADX Florence, where inmates are confined one to a cell for 23 hours per day without any contact with other inmates. Tr. 2284-95. According to Cunningham, monitoring by the BOP ensures that gang members like Johnson would "simply have no opportunity to carry out gang-related activities." Tr. 2289. Cunningham opined that there was an "extraordinarily low" likelihood that Johnson would be a danger to others if he were confined to the control unit in ADX Florence. Tr. 2306-07.

In rebuttal, the government presented the testimony of John Vanyur, a former assistant warden at ADX Florence. Vanyur testified that ADX Florence, with a capacity of only 484 inmates, has a well-defined "mission" as a place to house inmates who cannot function in an open prison environment. Tr. 2464. Approximately 90% of the inmates at ADX Florence were transferred from other BOP facilities because of serious misconduct during their incarceration, while 9% are assigned to ADX Florence from the sentencing court. Tr. 2466-67, 2499. Inmates directly assigned to ADX Florence are typically high-ranking organized crime figures, international and domestic terrorists, and high-ranking drug cartel members. Tr. 2468. The authority to place an inmate in a specific institution rests solely with the BOP. *Id.* Vanyur testified that the BOP regulatory scheme prohibits assignment and indefinite confinement in a control unit based on offenses committed in the community. Tr. 2483-85.

During his testimony, Vanyur provided examples of how ADX Florence inmates communicate with each other and the outside world. Tr. 2478-79. For example, inmates send notes through the plumbing system, yell through the vents, learn sign language, use encryption systems, such as an ancient alphabet, in inmate correspondence, use codewords to communicate messages outside the facility, and use "drop-calling." *Id.* To illustrate drop-calling, Vanyur recounted an incident where intelligence had shown that the leader of the Aryan Brotherhood, who was incarcerated at ADX Florence, successfully ordered the murders of two African-American inmates in Lewisburg, Pennsylvania. *Id.* at 2479-80. The Aryan Brotherhood leader made a "drop" communication ordering the murders to an individual in California by speaking in code. *Id.*

Inmates in the control unit are allowed one 15 minute telephone call, up to five non-contact visits per month, and virtually unlimited correspondence with the outside world. Tr. 2485. According to Vanyur, Johnson would likely be placed in the open population at a high security penitentiary, rather than ADX Florence. Tr. 2474-75, 2496-97. In an open population setting, an inmate "would have as many phone calls as he could pay for or get someone to accept them as collect charges, so he would have virtually unlimited phone access if he has the time to make the phone calls. And he would have unlimited correspondence privileges." Tr. 2477. After more than 13 hours of deliberation, the jury returned two death sentences against Johnson.

## DISCUSSION

### I.    Discovery Motion

Johnson filed his motion for leave to conduct discovery on February 3, 2003, over four months after he filed his § 2255 petition. Indeed, Johnson did not file his discovery motion until after the government filed its response to his § 2255 petition. Johnson does not provide any explanation for the delay. Nor does the government object. Therefore, the court will consider Johnson's tardy discovery motion under Habeas Rule 6(a).

> Rule 6(a) provides in relevant part:
>
> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

28 U.S.C.A. § 2255 Rule 6(a). In order to meet this standard, Johnson must: (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show good cause for the discovery. *Harris v. Nelson*, 394 U.S. 286, 298-300 (1969). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-9 (1997). In order to determine whether Johnson has shown good cause for the requested discovery, the court must first evaluate the merits of his underlying claims.

4

## II.    Habeas Petition

Collateral relief under § 2255 is available to a petitioner who shows "an error of law that is jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995). Section 2255 relief is neither a recapitulation of, nor a substitute for, direct appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds, Castellanos v. United States*, 26 F.3d 717, 719, 20 (7th Cir. 1994).

## A.    Ineffective Assistance of Counsel (Ground I)

Johnson claims the lawyers who represented him before this court were ineffective during the guilt and penalty phases of his trial. Johnson did not raise an ineffective assistance of counsel claim on direct appeal. Ineffective assistance of counsel may be raised for the first time in a § 2255 motion only if: (1) trial and appellate counsel were the same; or (2) the defendant needed time to develop additional extrinsic evidence to support his ineffective assistance claim. *Guinan v. United States*, 6 F.3d 468, 471-72 (7th Cir. 1993). Different counsel represented Johnson at trial and on direct appeal. Therefore, Johnson must establish that evidence outside the trial record is necessary to support his ineffective assistance of counsel claim. *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996).

## 1.    Sentencing - Failure to Investigate

The bulk of Johnson's § 2225 petition is dedicated to his claim that he "was deprived of the effective assistance of counsel in investigating, researching, preparing for, and confronting through the adversarial process the testimony of Warden Vanyur. . ." Memorandum at 6. Specifically, Johnson argues his counsel failed to obtain evidence that the BOP imposed the strict confinement conditions advocated by the defense on other federal inmates prior to his sentencing hearing and that BOP policies in place at the time of sentencing, including 18 U.S.C. § 3582(d) and 28 C.F.R. § 501.3, allowed these strict confinement conditions. In response, the government argues Johnson's

claim is procedurally defaulted because this evidence was a matter of public record known to Johnson at the time of his direct appeal.

### a.     Procedural Default

An ineffective assistance of counsel claim "apparent from the trial record or from evidence that is a matter of public record" must be raised on direct review. *Bond v. United States*, 1 F.3d 631, 636 (7th Cir. 1993), *citing United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991). In his petition, Johnson repeats the arguments made in his post-sentencing briefs before this court. *See* defendant's reply to government's response regarding Count II of the motion to vacate the jury's death-penalty phase verdicts [254-1], defendant's statement regarding the need for a hearing on Count II of the motion to vacate the jury's death-penalty phase verdicts [258-1], defendant's memorandum with regard to *United States v. Felipe* [280-1], defendant's reply memorandum concerning *United States v. Felipe* [285-1] and defendant's motion to append two documents to his reply memorandum concerning *United States v. Felipe* [289-1]. Indeed, Johnson relies on the same cases in his petition as he did in his post-sentencing motions. *Compare Id.*, *citing United States v. Felipe*, S16-94CR395 (S.D.N.Y.), *aff'd* 148 F.3d 101 (2d Cir. 1998), *United States v. Yousef*, S16 94 CR 395 (S.D.N.Y.) and *United States v. Jones*, No. WMN-96-0-458 (D. Md.) with memorandum at 17-19. The Seventh Circuit considered and rejected Johnson's arguments on direct appeal. *Johnson*, 223 F.3d at 673-74. Although Johnson cites additional cases in which the BOP imposed strict confinement conditions on other federal inmates, these cases are cumulative of grounds Johnson presented to this court and to the appellate court.

Moreover, the affidavit of trial counsel Jeffrey Urdangen offers nothing new. Petition at Ex. A. Contrary to Johnson's position, the record establishes that trial counsel's failure to present this evidence during the sentencing hearing was not a tactical decision. Indeed, defense counsel informed this court that he did not learn of this evidence until after sentencing. *See* defendant's unopposed motion for a fourteen day extension of the deadline to file his reply memorandum [248-1]("Since March 6th, counsel have been made aware of [f]ederal proceedings in other jurisdictions which tend

6

to undermine the position on future dangerousness which the government in this case advanced not only in the penalty phase, but in their responsive pleadings recently filed with this Court"). *See also Johnson*, 223 F.3d at 672 ("defendant calls the warden's testimony 'false' and argues that since it came in on rebuttal he didn't have a chance to meet it and so was unfairly surprised"). Under these circumstances, Johnson's claim regarding the ineffectiveness of his trial counsel in failing to present this evidence during sentencing should have been raised on direct appeal.

In order to overcome procedural default, Johnson must show: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or (2) a fundamental miscarriage of justice resulting from the district court's refusal to consider the claims. *McCleese*, 75 F.3d at 1177-78. The cause and prejudice standard is more rigorous than the plain error standard used on direct review. *United States v. Frady*, 456 U.S. 152, 170 (1982). Johnson claims he can show both good cause and actual prejudice for his failure to raise his ineffective assistance claims on direct appeal. Alternatively, he claims a fundamental miscarriage of justice would result from the court's refusal to consider his claims.

**(1)      Cause and Prejudice**

Johnson first argues he has shown good cause because additional discovery is necessary to establish his ineffective assistance of counsel claim. Specifically, he seeks information regarding other federal prisoners who have been held under the strict conditions of confinement advocated by the defense during sentencing. *See* discovery motion at 7-9. Good cause requires a showing of some external objective impediment to Johnson's presentation of his claim, such as unavailability of the factual or legal bases for a claim, or interference by state officials. *Murray v. Carrier*, 477 U.S. 478, 485-87 (1986). Johnson was aware of the factual and legal basis for his ineffective assistance of counsel claim prior to his direct appeal. The discovery Johnson requested is cumulative of the information presented to this court and the appellate court regarding the confinement conditions of Felipe, Yousef and Jones. Therefore, Johnson fails to show good cause for the default.

7

Nor can Johnson show he was prejudiced by his counsel's failure to raise his ineffective assistance of counsel claim on direct appeal. Prejudice depends on the merits of Johnson's ineffective assistance claim. *Belford*, 975 F.2d at 314. *See also Freeman v. Lane*, 962 F.2d 1252, 1259 (7th Cir. 1992). To show prejudice, a defendant must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In other words, Johnson must show that if his appellate counsel had raised the claims on direct appeal, there was a reasonable probability that the claims would have been successful. *McCleese*, 75 F.3d at 1179. If counsel's actions did not prejudice Johnson, the court need not address counsel's performance. *Gray-Bey v. United States*, 156 F.3d 733, 742 (7th Cir. 1998).

**b.      Merits**

The jury unanimously sentenced Johnson to death for the killing of "Blunt" Johnson and Banks, finding beyond a reasonable doubt that the aggravating factors sufficiently outweighed all mitigating factors presented by the defense. *See* Special Findings [201, 204]. The jury unanimously rejected the defense's proposed finding that Johnson "will not be a serious and continuing danger to society because the government has the power to imprison him for the rest of his life in a maximum security federal prison designed to control and monitor his behavior." *See* Special Findings [202, 203]. Instead, the jury unanimously found that Johnson "would commit serious acts of violence in the future which would be a continuing and serious threat to society." *Id.* Not one of the errors Johnson advances "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Strickler v. Green*, 527 U.S. 263, 290 (1999), *quoting Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

Johnson claims he was prejudiced by his counsel's failure to investigate the law and facts necessary to subject the government's case on future dangerousness to meaningful adversarial testing. Even if Johnson's counsel impeached Vanyur's testimony by presenting additional law and

Case: 1:02-cv-06998 Document #: 120 Filed: 03/11/03 Page 40 of 20 PageID #:198

facts on the BOP's policies and practices, the jury might still have concluded that Johnson "would commit serious acts of violence in the future which would be a continuing and serious threat to society." *See Special Findings* [202, 203]. Indeed,

> [w]e know from cases in this court involving murders by prisoners in the control units of federal prisons, that such units cannot be made totally secure. And we know that anyone who has access to a telephone or is permitted to receive visitors may be able to transmit a lethal message in code. We also know that nothing in federal law authorizes a judge to sentence a prisoner to life in the control unit. Quite apart from the fact that 'a sentencing court has no authority to order that a convicted defendant be confined in a particular facility, must less placed in a particular treatment program,' a prison control unit is an internal disciplinary mechanism that is not intended or designed for lifetime commitment. The Bureau of Prisons could not, therefore, commit a prisoner to the control unit for life, refusing to consider circumstances that might render his joining the open population of the prison harmless, such as extreme old age or the dissolution of the gang with which he had been affiliated.

*Johnson*, 223 F.3d at 672-73 (internal citations omitted). As Vanyur testified, prisoners have developed ingenious ways to communicate both inside and outside the prison system. Tr. 2478-79. Even inmates in the control unit are allowed one 15 minute telephone call, up to five non-contact visits per month and virtually unlimited correspondence with the outside world. Tr. 2485. Although under § 3582(d), the court may order a defendant not to associate or communicate with a specified person other than his attorney, the court may enter such an order only upon a showing of probable cause to believe that association or communication is for the purpose of enabling him to participate in an illegal enterprise. Pursuant to 28 C.F.R. § 501.3(a), the Attorney General may order the BOP director to authorize a warden to house an inmate in administrative detention and limit his communications privileges "as is reasonably necessary to protect persons against the risk of act of violence or terrorism." At the time of Johnson's sentencing hearing, these "special administrative measures" or SAMs were required to be reevaluated every 120 days. Even with this additional information, the jury could have reasonably concluded there was no guarantee that the government could prevent Johnson from committing serious acts of violence in the future.

The government's concession before the Supreme Court does not change this result. *See* Memorandum, Ex. A. at 21. In opposition to Johnson's petition for *certiorari*, the government

9

acknowledged that Vanyur's testimony may have left the jury with "the mistaken impression that no legal authority existed to limit petitioner's communications and contacts while in prison in order to curtail his future dangerousness." *Id.* at 27. The concession does nothing for Johnson's case because as the government later points out in its opposition brief, Johnson "cannot establish that the jury 'probably' would not sentence him to death at a new sentencing hearing if it was informed" about the relevant law. Indeed, the record provides strong support for the conclusion that Johnson would have been sentenced to death even if defense counsel impeached Vanyur with the BOP's policies and practices. *See Strickler*, 527 U.S. at 294 (court may look to other support in the record for conviction and sentence).

The jury unanimously and beyond a reasonable doubt found statutory and non-statutory factors other than future dangerousness. The jury found two statutory aggravating factors with respect to the Blunt Johnson murder. Namely, Johnson caused the killing after substantial planning and premeditation and in the course of a continuing criminal enterprise that involved the distribution of drugs to persons under age 21. The jury found the same two statutory aggravating factors in connection with Banks' murder, plus the statutory aggravating factor related to Johnson's previous conviction for voluntary manslaughter using a firearm. In addition, the jury found two non-statutory aggravating factors regarding the Blunt Johnson murder: (1) Johnson ordered the murder to obstruct justice by preventing the victim from testifying; and (2) Johnson caused harm to the victim's family. The jury did not unanimously find any of the mitigating factors by a preponderance of the evidence. Based on this record, Johnson fails to establish there is a reasonable probability the outcome would have been different but for his counsel's alleged errors. Therefore, Johnson fails to establish the cause and prejudice necessary to excuse his procedural default, as well as the required prejudice necessary to establish his ineffective assistance of counsel claim. Johnson's failure to establish a colorable claim based on his proposed facts dooms his request for additional discovery.

10

Case: 1:02-cv-06998 Document #: 120 Filed: 03/14/03 Page 12 of 20 PageID #:200

**(2)  Fundamental Miscarriage of Justice**

A federal court may review a defaulted claim only if a fundamental miscarriage of justice is involved. This occurs where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 485-86. The Seventh Circuit previously rejected Johnson's arguments against imposition of the death penalty. *Johnson*, 223 F.3d at 671-74. Thus, no fundamental miscarriage of justice will result by application of the procedural default rule. Accordingly, Johnson's ineffective assistance of counsel claims are procedurally defaulted.

**2.  Trial and Sentencing - Failure to Call Certain Witnesses**

Johnson claims his lawyers were ineffective for failing to call Cheryl Fletcher during sentencing to rebut the testimony of Archie Rudd regarding the circumstances leading up to Johnson's manslaughter conviction. Petition at 8-9. However, Johnson fails to provide any extrinsic evidence to support his version of Fletcher's proposed testimony. Nor does he move for additional discovery on this claim. Johnson apparently abandons this claim by failing to address it on reply. Under these circumstances, Johnson's ineffective assistance of counsel claim based on Fletcher's proposed testimony is procedurally defaulted.

Johnson next claims his lawyers were ineffective for failing to call his former lawyer, Scott Arthur, during the guilt and penalty phases of his trial. Petition at 7-8. In support of his claim, Johnson offers the affidavits of Arthur and Urdangen. Memorandum at Ex. A and B. The government does not dispute that Johnson may raise this claim for the first time in his § 2255 motion. Therefore, Johnson's ineffective assistance of counsel claim based on Arthur's proposed testimony is considered on the merits.

Johnson fails to explain how Arthur's testimony "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Strickler*, 527 U.S. at 290. According to Johnson, Arthur's testimony was needed to refute the government's assertions that he ordered the murders of Blunt Johnson and Banks and ordered Roger Stewart to threaten a possible government witness. As the government points out, Arthur's claim that he did not tell Johnson that

11

Case: 1:02-cv-06998 Document #: 120 Filed: 03/14/03 Page 13 of 20 PageID #:2011

Banks was cooperating with the government does not refute the government's evidence that Johnson suspected Banks of cooperating and told Stewart that he wanted Quan Ray to kill him. Response at 42, *citing* Tr. 1030-32. Johnson fails to respond to this argument on reply. Nor does Johnson respond to the government's argument that Roger Stewarts' testimony regarding Johnson's order to threaten a possible government witness was a "drop in the bucket" on future dangerousness compared to the testimony elicited regarding the murders and beatings that actually occurred on Johnson's orders.

Finally, Arthur does not deny in his affidavit that he told Johnson about Blunt Johnson's plans to cooperate. In reply, Johnson claims an evidentiary hearing is necessary because counsel "believes if given the opportunity to testify at a hearing in this matter, Arthur will deny having supplied information to Johnson that Blunt Johnson was cooperating with the government." Reply at 39. Counsel's unsupported belief is not enough to require an evidentiary hearing. *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989)("Mere unsupported allegations cannot sustain a petitioner's request for a hearing"). Therefore, Johnson's claims based on counsel's failure to call Scott Arthur at trial or sentencing fail on the merits.

**B.     *Brady* Violation (Ground II)**

Johnson claims the government failed to turn over evidence regarding BOP practices at the time of his sentencing hearing in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Johnson did not raise this issue on direct appeal. A *Brady* violation may only be raised for the first time in a collateral proceeding where support for the claim was not discovered prior to direct appeal. *See Strickler*, 527 U.S. at 280-82. Johnson was aware of the BOP practices applied to Felipe, Yousef and Jones prior to his appeal. Evidence that the BOP applied the same policies and practices to other federal inmates is cumulative of information already in Johnson's possession at the time of his direct appeal. As discussed in relation to his ineffective assistance of counsel claim, Johnson has not demonstrated cause for or prejudice from failing to raise the claim earlier.

Even if Johnson's claim survived a procedural default, he fails to establish a *Brady* violation. Under *Brady* and its progeny, the prosecution has an affirmative duty to disclose evidence that is both favorable to the defense and material to either guilt or punishment. *Kyles*, 514 U.S. 419, 432-34 (1995). In order to establish a *Brady* violation, Johnson must show: (1) the government suppressed evidence; (2) the evidence was favorable to his defense; and (3) the evidence was material to an issue at trial. *United States v. Grintjes*, 237 F.3d 876, 880 (7th Cir. 2001). The government does not contest Johnson's contention that evidence relating to BOP practices was favorable to the defense. Rather, the government argues Johnson cannot establish either the first or third element of a *Brady* violation.

To establish that the government suppressed evidence, Johnson must demonstrate: (1) the government failed to disclose known evidence before it was too late for him to make use of the evidence; and (2) the evidence was not otherwise available to him through the exercise of reasonable diligence. *Collier v. Davis*, 301 F.3d 843, 850 (7th Cir. 2002). The court need not determine whether the government knew of the BOP's practices at the time of the sentencing hearing, through Vanyur or otherwise, because Johnson could have discovered the evidence through reasonable diligence. *United States v. Earnest*, 129 F.3d 906, 910 (7th Cir. 1997). For example, counsel could have discovered the circumstances surrounding Felipe's confinement conditions, including the district court's reliance on § 3582(d) in sentencing, through simple electronic research. A defense lawyer's failure to conduct research does not qualify as "suppression" for purposes of *Brady*.

In addition, Johnson fails to demonstrate the information was material to an issue at trial. Evidence is material under *Brady* "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). The materiality standard under *Brady* is the same as the prejudice standard for an ineffective assistance of counsel claim under *Strickland*. *See Id.* at 694 (the standard of materiality applicable to withheld impeachment evidence was adapted from the formulation of prejudice in *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). For the same reasons Johnson

13

failed to establish prejudice for his ineffective assistance of counsel claim, he fails to establish materiality for his *Brady* claim. Johnson's failure to establish a colorable *Brady* claim precludes discovery on this issue.

## C. Eighth Amendment Violation Based on Inaccurate Testimony (Ground III)

Johnson claims his death sentence was based on materially incomplete, false and/or inaccurate information in violation of the Eighth Amendment. In making this argument, Johnson once again takes issue with Vanyur's testimony. In response, the government argues Johnson's Eighth Amendment claim is procedurally defaulted. Johnson fails to address the government's procedural default argument in his reply.

Johnson fails to establish cause for failing to raise his Eighth Amendment argument earlier. Indeed, Johnson argued on direct appeal that Vanyur's testimony was false or misleading. The Seventh Circuit rejected the premise of Johnson's Eighth Amendment claim, finding that "the warden's testimony, though it did not track the regulations exactly, was not false. The impression conveyed of practice and policy was correct." *Johnson*, 223 F.3d at 672. Based on the Seventh Circuit's decision, Johnson cannot establish prejudice.

## D. Fifth and Sixth Amendment Violations (Grounds IV and V)

Pursuant to 18 U.S.C. § 3593(c) of the FDPA, evidence may be introduced at a capital sentencing hearing without regard to the Federal Rules of Evidence, except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues or misleading the jury. Johnson claims § 3593(c) violates the Fifth Amendment due process clause and the Sixth Amendment confrontation clause by allowing the use of hearsay evidence in the penalty phase of a capital trial. Johnson further argues that the indictment fails to allege all of the statutory aggravating factors relied on by the government at sentencing, in violation of the Fifth Amendment indictment clause. Johnson did not make these arguments on direct appeal. The government contends Johnson's claims are procedurally defaulted and fail on the merits. The

14

court need not reach the government's procedural default argument, because Johnson's claims fail on the merits.

Johnson's Fifth and Sixth Amendment claims are premised on the Supreme Court's recent decision in *Ring v. Arizona*, 122 S.Ct. 2428 (2002). In *Ring*, the Supreme Court held that facts increasing the statutory maximum punishment in a capital case must be proved beyond a reasonable doubt. *Id.* at 2448, *citing Apprendi v. New Jersey*, 530 U.S. 466, 494 n. 19 (1990). Both parties' arguments center on whether *Teague v. Lane*, 489 U.S. 288 (1989), bars the retroactive application of *Ring* to Johnson's case. Under *Teague*, developments in the law occurring after Johnson's sentence became final apply on collateral review only in rare circumstances. In their arguments, neither party cites the Seventh Circuit's recent decisions in *Trueblood v. Davis*, 301 F.3d 784, 788 (7th Cir. 2002) and *Szabo v. Walls*, 313 F.3d 392, 398-99 (7th Cir. 2002). In *Trueblood*, the Seventh Circuit accepted the parties' agreement that *Ring* could not be considered on collateral review because the Supreme Court had not yet held *Ring* to be retroactive. *Trueblood*, 301 F.3d at 788, *citing Tyler v. Cain*, 533 U.S. 656, 662-64 (2001). Less than four months later, the Seventh Circuit held that *Ring* does not apply retroactively on collateral review:

> Unfortunately for [petitioner], however, in order to apply *Apprendi* to capital sentencing, *Ring* first had to overrule *Walton v. Arizona*, 497 U.S. 639, 110S.Ct. 3047, 111 L.Ed.2d 211 (1990). Given *Teague*, it is *Walton* and not *Ring* that governs [petitioner's] claims on collateral attack. *See Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002)(*Apprendi* does not apply retroactively on collateral attack).

*Szabo*, 313 F.3d at 399. *See also Ring*, 122 S.Ct. 2428, 2449 (O'Connor, J., dissenting)(noting that decision would not benefit the majority of prisoners already on death row because they would be barred from raising the issue retroactively on federal collateral review). At the time of Johnson's sentencing, the government was entitled to proceed as it did. *Id.* at 399, *citing Walton v. Arizona*, 497 U.S. 639 (1990) and *Williams v. New York*, 337 U.S. 241 (1949). Therefore, Johnson's Fifth and Sixth Amendment claims based on *Ring* lack merit.

15

F.      **Eighth Amendment Violation Based on Mental Retardation (Ground VI)**

Johnson claims his execution violates the Eighth Amendment because he may be mentally retarded. *See Atkins v. Virginia*, 122 S.Ct. 2242 (2002)(Eighth Amendment precludes capital punishment of mentally retarded defendants). The government concedes that *Atkins* applies retroactively on collateral review because it excludes a class of defendants from eligibility for the death penalty. Response at 44, n. 7, *citing Penry v. Lynaugh*, 492 U.S. 302, 329-330 (1989). At sentencing, Johnson offered evidence that he is more likely a member of the brain impaired or dysfunctional population than the normal population. Tr. at 2122. Several tests performed on him rated all aspects of his intelligence quotient ("IQ") and problem-solving skills at the upper end of the mentally deficient or defective range. *Id.* at 2120-22. Johnson scored 79 for his verbal IQ, 74 for his performance IQ, and 76 for his overall IQ. *Id.* For problem-solving, Johnson's scores ranged from the bottom 2 to 3% of the population to the bottom 10% of the population. *Id.* at 2121-22. However, "clinical definitions of mental retardation require not only subaverage intellectual functioning, but also significant limitations in adaptive skills such as communication, self-care, and self-direction that became manifest before age 18." *Atkins*, 122 S.Ct. at 2250. Johnson's adaptive skills were never tested. Discovery motion at 12. With this additional evidence, Johnson may be able to state a colorable Eighth Amendment claim based on mental retardation.

For the most part, Johnson's discovery requests are not designed to obtain evidence necessary to support his Eighth Amendment claim. Johnson first requests government documents regarding its position on mental retardation in general. Discovery motion at 13, items 1, 2 and 5. Johnson does not explain how this information would establish his own mental deficiency under *Atkins*. Johnson next requests the government's evidence regarding his own mental deficiency. *Id.*, items 3 and 4. The government denies having such information. Response to discovery motion at 5. Finally, Johnson requests that the court "approve funding for the defense" to retain psychiatric and/or psychological experts to evaluate Johnson's previous testing and to conduct any additional testing that may be necessary. Discovery motion at 13; Reply at 40. Surprisingly, the government takes no

16

position on Johnson's generalized request for funds. Response to discovery motion at 6. Neither party provides a legal basis for the court to approve an unspecified amount of money for unhampered use by the defense. To the contrary, Rule 35(a) provides:

> When the mental or physical condition of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. **The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.**

[Emphasis added.] Johnson's motion for discovery does not comply with the requirements of Rule 35(a). Therefore, Johnson's tardy discovery motion is denied without prejudice to his right to bring an appropriate Rule 35(a) motion. The § 2255 motion is denied as to Ground VI without prejudice, subject to renewal if a report issued pursuant to Rule 35(b) supports his claim under *Atkins*.

## G.     Fifth Amendment Violation based on Race Disparity (Ground VII)

Johnson claims the federal capital sentencing scheme is administered in a racially discriminatory manner. In order to prove an equal protection violation under the Fifth Amendment, Johnson must prove that the federal prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte v. United States*, 470 U.S. 598, 608 (1985). The government does not contest Johnson's showing of a discriminatory effect through evidence that the government could have sought the death penalty for other similarly situated defendants, but did not. *See* Memorandum at Ex. K. *See also United States v. Armstrong*, 517 U.S. 456, 468-69 (1996). Rather, the government claims Johnson cannot establish that his selection for death penalty prosecution was motivated by a discriminatory purpose.

Johnson has not demonstrated that the government acted with a discriminatory purpose when it selected him for death penalty prosecution. Johnson offers only statistics to demonstrate that the government intentionally discriminated against him. However, "statistics may not be the sole proof of a constitutional violation." *Chavez v. Illinois State Police*, 251 F.3d 612, 647-48 (7th Cir. 2001).

17

*See also McClesky v. Kemp*, 481 U.S. 279, 293 n. 12 (1987)(only in "rare cases [has] a statistical pattern of discriminatory impact demonstrated a constitutional violation . . ."). Johnson does not offer any additional evidence supporting a constitutional violation. Under these circumstances, Johnson is not entitled to discovery on his equal protection claim. *Armstrong*, 517 U.S. at 468-69.

## F. Juror Information (Ground VIII)

Johnson claims that extra-record information, misinformation and/or considerations may have infected the penalty phase jurors. The court previously denied Johnson's request to contact jurors, as well as his motion to review confidential juror questionnaires. *See* Minute Orders dated August 22 and September 27, 2002 entered in Case No. 96 CR 379. To date, Johnson has not provided evidence of any improper outside contact with the jury or identified any constitutional violation that could be proven through the use of the juror questionnaires. Under these circumstances, Johnson is not entitled to discovery. *See U.S. ex rel. Blankenship v. Circuit Court of Cook County*, 59 F. Supp. 2d 736, 739 (N.D. Ill. 1999), *quoting Calderon v. U.S. Dist. Court for the Northern Dist. Of California*, 98 F.3d 1102, 1106 (9th Cir. 1996)("A habeas petition may not use discovery for 'fishing expeditions to investigate mere speculation'").

## III. Motion for New Trial

Johnson's petition is based in part on Fed. R. Crim. P. 33. As the government points out, a motion for new trial based on newly discovered evidence must be made within three years of the verdict. Fed. R. Crim. P. 33. The verdict in this case was returned on November 4, 1997, but Johnson's petition was not filed until September 30, 2002. Johnson abandoned this basis for his petition by failing to address the issue in his reply. Johnson's petition is denied to the extent it is based on Fed. R. Crim. P. 33.

18

Case: 1:02-cv-06998 Document #: 20 Filed: 03/11/03 Page 20 of 20 PageID #:208

## CONCLUSION

Johnson's § 2255 petition is denied with prejudice as to Grounds I-V and VII-VIII. As to Ground VI, Johnson's petition is denied without prejudice to his right to bring an appropriate Rule 35(a) motion.

March 11, 2003

ENTER:

Suzanne B. Conlon
United States District Judge

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court

## Northern District of Illinois

### Eastern Division

DOCKETED

MAR 1 2 2003

UNITED STATES

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 02 C 6998

DARRYL JOHNSON

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the §2255 petition is denied with prejudice as to Grounds I-V and VII-VIII and without prejudice as to Ground VI.

U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

03 MAR 11 PM 4:48

Date: 3/11/2003

Christopher Burton, Deputy Clerk

Order Form (01/2005)

*MHN*

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6998 | **DATE** | 12/13/2010 |
| **CASE TITLE** | UNITED STATES of AMERICA v. DARRYL LAMONT JOHNSON | | |

**DOCKET ENTRY TEXT:**

Enter Memorandum Opinion and Order. The Court GRANTS Defendant-Movant's motion to vacate his sentence [1]. All other motions are terminated as moot.

■[For further details see separate order(s).]

Docketing to mail notice and AO-450.



Page 1 of 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | No. 02 C 6998 |
| v. | ) | |
| | ) | The Honorable William J. Hibbler |
| | ) | |
| DARRYL LAMONT JOHNSON, | ) | |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

In 1997, a jury convicted Darryl Lamont Johnson for ordering the murder of a person assisting in a federal criminal investigation and ordering the murder of that person and another in furtherance of a continuing criminal enterprise, among 41 other counts. The jury later concluded that death was the appropriate sentence. The Seventh Circuit denied Johnson's appeal and the Supreme Court denied his petition for a writ of *certiorari*. *United States v. Johnson*, 223 F.3d 665 (7th Cir. 2000); *Johnson v. United States*, 534 U.S. 829, 122 S. Ct. 71, 151 L.Ed.2d 37 (2001).

Johnson then sought to set aside his sentence pursuant to 28 U.S.C. § 2255. In his petition, Johnson raised a number of claims, including a claim of ineffective assistance of counsel, a claim that the Government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), and a claim that his sentence was based on materially incomplete, false and/or inaccurate information in violation of the Eighth Amendment, *see Johnson v. Mississippi*, 486 U.S. 578, 584-86, 108 S. Ct. 1981, 1986-87, 100 L.Ed.2d 575 (1988). The Court denied Johnson's

1

§ 2255 motion, holding that he procedurally defaulted all three of the aforementioned claims because he failed to raise those claims in his direct appeal.

A few years after the initial ruling on Johnson's § 2255 motion, the Supreme Court announced its decision in *Massaro v. United States*. 538 U.S. 500, 509, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). In *Massaro*, the Supreme Court held that a petitioner may bring an ineffective assistance of counsel claim in a collateral proceeding whether or not the petitioner could have raised the claim on direct appeal. *Id.* Consequently, the Court vacated the portion of its ruling concerning Johnson's ineffective assistance of counsel claim.[1] Following discovery, the parties provided the Court with supplemental briefing on the merits of that claim. In addition, Johnson moves the Court to once again address his *Brady* and *Johnson* claims based on what he believes to be changes in relevant law and facts. For the following reasons, the Court grants Johnson's § 2255 motion based on his ineffective assistance of counsel claim. The Court therefore vacates his death sentence and awards him a new sentencing hearing. In addition, Johnson's motion for consideration of his other claims is therefore moot.

## I. Background

Johnson's ineffective assistance claim centers on trial counsel's efforts to convince the jury to impose a sentence of life imprisonment rather than one of death. At Johnson's sentencing, counsel presented evidence about the custodial options for housing him. In particular, Johnson presented evidence to suggest that if he were placed permanently in the control unit in ADX-Florence, where inmates are confined to their cells 23 hours per day and not allowed contact with other inmates, he

---

[1] Another judge in this district initially ruled on Johnson's § 2255 motion and the motion to reconsider pursuant to *Massaro*. The executive committee has since reassigned the case.

2

would have no opportunity to carry out a continuing criminal enterprise and his dangerousness to society would be mitigated.

In rebuttal, the Government called an expert, a Bureau of Prisons (BOP) warden, who had formerly served as Assistant Warden at ADX-Florence. That witness testified generally about what BOP placement was likely in Johnson's case. He testified that typically gang leaders like Johnson go to the general prison population, rather than some more restrictive setting. He also testified that even prisoners in strictly controlled environments had managed to commit crimes, including ordering the killing of other inmates. He stated that the BOP could not house prisoners in such strict conditions indefinitely. Finally, he claimed that prisoners cannot be directly assigned to the ADX-Florence control unit based solely on the offenses in the community. Instead, he said, the BOP could temporarily impose restrictions on an inmate, such as limited communication and association, if the inmate committed some infraction while in prison.

Not even one member of the jury accepted Johnson's proposed finding that he would not be "a serious and continuing danger to the society because the government has the power to imprison him for the rest of his life in a maximum security federal prison designed to control and monitor his behavior." The jury did find a number of aggravating factors, both statutory and non-statutory. In particular, the jury found that Johnson caused the killing after substantial planning and premeditation in the course of a continuing criminal enterprise that involved distribution of drugs to persons under the age of 21. It also found that he ordered the murder to obstruct justice by preventing the victim from testifying and caused harm to the victim's family. After its somewhat lengthy deliberations, the jury sentenced Johnson to death.

3

In Johnson's § 2255 motion, he argues that he was prejudiced by his trial counsel's failure to investigate the law and facts necessary to subject the Government's case on future dangerousness to meaningful adversarial testing. In short, Johnson suggests that trial counsel was ineffective in allowing the Government expert's testimony to go unrebutted.

Johnson argues that, contrary to the Government expert's testimony, there are laws which allow for the application of strict conditions of confinement for extended periods of time absent any infraction within prison in order to alleviate the risk a particular inmate poses to society. First, the BOP can control the conditions of confinement by employing Special Administrative Measures ("SAMs") authorized by 28 C.F.R. § 501.3(a). Second, courts can order restrictions on communication and association as part of a sentence pursuant to 18 U.S.C. § 3582(d). In fact, Johnson has presented evidence of a number of examples of such inmates in addition to those in his original motion.

## II. Standard of Review

In order to succeed on his claim of ineffective assistance of counsel, a § 2255 movant must meet both prongs of a test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed. 2d 674 (1984). First, he must show that his counsel's performance was deficient. *Id.* at 687, 104 S. Ct. at 2064. In this case, the Government concedes the point, agreeing with Johnson that his trial counsel did not effectively impeach the testimony of the Government's expert regarding Johnson's future dangerousness. Instead, the Government disputes only whether Johnson can satisfy the second prong of the *Strickland* test. Thus, Johnson must show that his counsel's deficient performance prejudiced his defense. *Id.* More specifically, he must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

A "reasonable probability," for purposes of this standard, is "a probability sufficient to undermine confidence in the outcome" of the penalty phase of Johnson's trial. *Id.* The standard is lower than the more familiar "preponderance of the evidence" standard because an ineffective assistance claim "asserts the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker." *Id.* However, Johnson must show more than that his counsel's errors "had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067.

### III. Analysis

In addition to conceding that Johnson's counsel was deficient, the Government conceded at the *certiorari* stage of Johnson's direct appeal that the testimony of the Government's expert was incomplete because he failed to mention 28 C.F.R. § 501.3 and 18 U.S.C. § 3582(d). The Government admitted that the testimony may have left the jury with the mistaken impression that neither the BOP nor the Court had the authority to impose certain restrictions on an inmate immediately upon sentencing. Nonetheless, the Government argues that Johnson cannot show that defense counsel's failure to impeach the witness on those matters created a reasonable probability that the jury would not have sentenced Johnson to death.

For a number of reasons, the Court rejects the Government's argument. First, the Court finds that the probability that the errors affected Johnson's sentence is higher in this case than in some because the errors were relevant to the issue of future dangerousness. The Court recognizes the importance of the fact that the jury in Johnson's case found a number of aggravating factors that did not relate to Johnson's future dangerousness. But the Court finds that future dangerousness, and the Government's ability to protect against it, is an especially important factor in death penalty cases generally, as well as in this case particularly.

5

On this point, the Government's closing argument from the penalty phase of Johnson's trial is telling. The Government devoted a significant portion of its arguments in closing and rebuttal to the issue of future dangerousness and the likelihood that Johnson could not be controlled in prison - perhaps more than to any other aggravating or mitigating factor. The Government's language on these points was strong and clear. The Government stated that "as long as [Johnson] has the ability to convey his orders to his followers, either on the street or in prison with him, nobody is safe; no witness, no witness's family, anybody who stands in his way, they are not safe. It doesn't matter where he is locked up." (Tr. 2593.) Moreover, the Government reiterated the admittedly incomplete and misleading testimony of its expert by stating, among other things, that Johnson would not be going to the control unit at ADX-Florence because federal regulations would not allow it. (Tr. 2645.) The Government's focus on these points suggests that it recognized the potential importance of this factor on the jury's decision in this case.

This conclusion also finds support in the empirical research on the subject. A number of studies suggest that future dangerousness is one of the most issues, if not the most significant, for juries deciding whether or not to sentence a defendant to death. *See, e.g.,* John H. Blume, et al., *Future Dangerousness in Capital Cases: Always "At Issue"*, 86 Cornell L. Rev. 397, 404 (2001); Stephen P. Garvey, *Aggravation and Mitigation in Capital Cases: What do Jurors Think?*, 98 Colum. L. Rev. 1538, 1559-60 (1998); Sally Costanzo & Mark Costanzo, *Life or Death Decisions: An Analysis of Capital Jury Decision Making Under the Special Issues Sentencing Framework*, 18 Law & Hum. Behav. 151, 160 (1994) ("[n]early all jurors [surveyed]...offered the observation that the penalty decision hinged on the issue of whether the defendant would pose a continuing threat to society").

6

Johnson also points to an analogous case that illustrates the importance that this factor can have on a jury. In that case, *United States v. Jones*, No. CR-96-458-WMN (D. Md.), a jury convicted Jones of ordering the murders of federal witnesses, including one while he was incarcerated in a federal prison. The *Jones* jury found a number of the same aggravating factors as the jury did in this case, including that he was a future danger and a "continuing and serious threat to society." However, seven members of the jury also found that:

> Any concern respecting future dangerousness of Anthony Jones is significantly reduced since the Federal Bureau of Prisons is empowered to classify a prisoner serving a life sentence without possibility of release to the highest security level federal prison, under conditions of confinement that eliminate any reasonable probability that the prisoner will be a continuing and serious threat to society.

The jury did not sentence Jones to death. Johnson notes that the jury in the *Jones* case heard testimony regarding the restrictive conditions that could be imposed on Jones and that had been imposed in another case.

The Government is right to note that the fact of every case and make-up of every jury varies, and that it would be wrong to assume that the jury would do the same in Johnson's case as the jury did in Jones's case if Johnson had effective assistance of counsel. But, the Government is notably silent in its brief on how the two cases are distinguishable. And the similarities between the facts of these two cases which have different results undermines the reliability of the result in Johnson's case further.

As discussed above, Johnson faces a relatively low burden in this case. Given that "it only takes one juror to nix a death sentence," *United States v. Johnson*, 223 F.3d 665, 670 (7th Cir. 2000), he only needs to show a reasonable probability that one juror would have changed his or her mind during the course of the lengthy deliberations in this case. Johnson has shown that his future dangerousness, the

7

factor admittedly affected by his counsel's errors, was likely an important factor in the jurors' minds, weighing heavily on the scale for measuring aggravating and mitigating factors. Given this showing, the Court finds that there is a reasonable probability that if Johnson had effective assistance of counsel, the jury would not have sentenced him to death. He has sufficiently undermined the reliability of the penalty phase of his trial. Thus, the Court GRANTS Johnson's § 2255 motion, VACATES his death sentence, and ORDERS that he be given a new hearing before a jury to determine his sentence.

IT IS SO ORDERED.

12/13/10
Dated

Hon. William J. Hibbler
United States District Court



AO 450 (Rev. 01/09)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    02 C 6998 |
| DARRYL LAMONT JOHNSON | ) | |
| *Defendant* | ) | |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one):*

❏  the plaintiff *(name)*        recover from the
defendant *(name)*        the amount of
     dollars ($    ), which includes prejudgment
interest at the rate of    %, plus postjudgment interest at the rate of    %, along with costs.

❏  the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)*
recover costs from the plaintiff *(name)*

X  other:    Respondent's motion to vacate his sentence is granted.

This action was *(check one):*

❏  tried by a jury with Judge        presiding, and the jury has
rendered a verdict.

❏  tried by Judge        without a jury and the above decision
was reached.

X  decided by Judge     William J. Hibbler     on a motion to    vacate sentence.

Date:   Dec. 13, 2010          Michael W. Dobbins, Clerk of Court

/s/ Jacquelyn H. Collier
Deputy Clerk

APPEAL, BROWN, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.2 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:02-cv-06998
## Internal Use Only

| | |
|---|---|
| USA v. Johnson | Date Filed: 09/30/2002 |
| Assigned to: Honorable William J. Hibbler | Date Terminated: 03/11/2003 |
| Demand: $0 | Jury Demand: None |
| Case in other court: 11-01326 | Nature of Suit: 510 Prisoner: Vacate |
|            ND IL, :96-CR-00379 | Sentence |
| Cause: 28:2255 Remedies on motion attacking sentence | Jurisdiction: U.S. Government |
| | Defendant |

**Plaintiff**

**United States of America**        represented by   **David E. Bindi**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: david.bindi@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Darryl Lamont Johnson**        represented by   **Terence H. Campbell**
Cotsirilos, Tighe & Streicker
33 North Dearborn Street
Suite 600
Chicago, IL 60602
(312) 263-0345
Email: tcwolfram@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lorinda Meier Youngcourt**
Lorinda Meier Youngcourt
Attorney at Law
P.O. Box 206
Huron, IN 47437
(812)849-9852
Email: lmyoungcourt@incrimlaw.org
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/30/2002 | 1 | MOTION by defendant to vacate conviction and sentence and for new trial pursuant to 28 USC Section 2255 and Rule 33 of the Federal Rules of Criminal Procedure; Civil cover sheet (Documents 1-1 through 1-2) (Forwarded copy of motion to U.S. Attorney's Office) (hp) Modified on 10/01/2002 (Entered: 10/01/2002) |
| 09/30/2002 | 2 | ATTORNEY APPEARANCE for defendant by Terence H. Campbell and Lorinda Meier Youngcourt. (hp) (Entered: 10/01/2002) |
| 09/30/2002 | 3 | MOTION by defendant for leave to file oversized brief ; Notice (hp) (Entered: 10/01/2002) |
| 09/30/2002 | 4 | INITIAL MEMORANDUM by defendant in support motion [1-1] (One volume) (hp) (Entered: 10/01/2002) |
| 10/01/2002 | 5 | MINUTE ORDER of 10/1/02 by Hon. Suzanne B. Conlon : Defendant Darry Johnson's motion to vacate conviction and sentence and for new trial pursuant to 28 U.S.C. Section 2255 and Rule 33 of the Federal Rules of Criminal Procedure is taken under advisement. The government shall repond by 12/2/02; any reply shall be filed by 12/16/02. Defendant's motion to file an 18-page brief is granted [3-1]. The motions will not be heard on 10/8/02 as noticed. Mailed notices by judge's staff (cem) (Entered: 10/02/2002) |
| 11/14/2002 | 6 | MOTION by Government for extension of time to answer Section 2255 motion ; Affidavit of David Bindi; Notice (rmm) (Entered: 11/22/2002) |
| 11/21/2002 | 7 | EX PARTE MOTION by defendant for interim payment of attorney's fees ; Notice (rmm) (Entered: 11/22/2002) |
| 11/21/2002 | 8 | MINUTE ORDER of 11/21/02 by Hon. Suzanne B. Conlon: Government's unopposed motion for extension of time to answer Section 2255 motion is granted [6-1]. Government's response to petition [1-1] is extended to 1/31/03; any reply shall be filed by 2/14/03. No further extensions. Notices mailed by judge's staff (rmm) (Entered: 11/22/2002) |
| 01/31/2003 | 9 | RESPONSE by plaintiff to the motion to vacate judgment pursuant to 28 U.S.C. Section 2255 [1-1]; Notice. (cem) (Entered: 02/03/2003) |
| 02/03/2003 | 10 | MOTION by defendant for leave to conduct discovery ; Notice. (cem) (Entered: 02/07/2003) |
| 02/06/2003 | 11 | MINUTE ORDER of 2/6/03 by Hon. Suzanne B. Conlon : Defendant's motion for leave to conduct discovery [10-1] is taken under advisement. Government to respond by 2/14/03. Mailed notices by judge's staff (cem) (Entered: 02/07/2003) |
| 02/06/2003 | 12 | AGREED MOTION by defendant for short extension of time to file reply brief in support of his initial memorandum in support of his Section 2255 motion ; Notice. (cem) (Entered: 02/11/2003) |
| 02/11/2003 | 13 | MINUTE ORDER of 2/11/03 by Hon. Suzanne B. Conlon : Defendant's agreed motion for extension of time to file reply is granted [12-1]. |

| | | |
|---|---|---|
| | | Defendant's reply in support of his Section 2255 motion is extended to 2/28/03. No further extensions. Mailed notices by judge's staff (cem) (Entered: 02/12/2003) |
| 02/14/2003 | 14 | RESPONSE by plaintiff to the motion for leave to conduct discovery [10-1]; Notice. (cem) (Entered: 02/18/2003) |
| 02/24/2003 | 15 | AGREED MOTION by defendant for short extension of time to file reply brief in support of his initial memorandum in support of his Section 2255 ; Notice. (cem) (Entered: 03/04/2003) |
| 02/27/2003 | 16 | MINUTE ORDER of 2/27/03 by Hon. Suzanne B. Conlon : Defendant's agreed motion for extension of time to file reply is granted [15-1]. Defendant's reply in support of his Section 2255 motion is extended to 3/3/03. Final extension. Mailed notices by judge's staff (cem) (Entered: 03/04/2003) |
| 03/03/2003 | 17 | MOTION by defendant for leave to file brief oversized brief in support of his motion for relief under Section 2255 ; Notice. (cem) (Entered: 03/07/2003) |
| 03/06/2003 | 18 | MINUTE ORDER of 3/6/03 by Hon. Suzanne B. Conlon : Defendant's motion for leave to file oversized reply brief in support of his Section 2255 motion is granted [17-1]. Mailed notice (cem) (Entered: 03/07/2003) |
| 03/06/2003 | 19 | INITIAL REPLY by defendant in support of his motion to vacate conviction and sentence and for new trial pursuant to 28 U.S.C. Section 2255 [1-1] (Attachments); Notice. (cem) (Entered: 03/07/2003) |
| 03/11/2003 | 20 | MINUTE ORDER of 3/11/03 by Hon. Suzanne B. Conlon : Petitioner's motion to vacate conviction and sentence and for new trial pursuant to 28 U.S.C. Section 2255 and Rule 33 of the Federal Rules of Criminal Procedure [1-1] and petitioner's motion for leave to conduct discovery [10-1] are denied with prejudice as to grounds I-V and VII-VIII and without prejudice as to grounds VI. Entered Memorandum Opinion and Order. Terminating case . Mailed notices by judge's staff (cem) (Entered: 03/12/2003) |
| 03/11/2003 | 21 | ENTERED JUDGMENT (cem) (Entered: 03/12/2003) |
| 03/24/2003 | 22 | MOTION by petitioner for appointment and funding of expert (Attachments). (cem) (Entered: 03/28/2003) |
| 03/24/2003 | 23 | MOTION by petitioner to alter, amend and make clarifying findings concerning the 3/11/03 judgment in favor of the respondent , or alternative to stay the judgment ; Notice. (cem) (Entered: 03/28/2003) |
| 03/27/2003 | 24 | MINUTE ORDER of 3/27/03 by Hon. Suzanne B. Conlon : Petitioner's motion for appointment and funding of expert [22-1] and motion to alter, amend and make clarifying findings concerning the 3/11/03 judgment in favor of the respondent [23-1], or alternatively to stay the judgment [23-2] are taken under advisement. Mailed notice (cem) (Entered: 03/28/2003) |
| 03/31/2003 | 25 | MINUTE ORDER of 3/31/03 by Hon. Suzanne B. Conlon : Petitioner's motion to alter, amend and make clarifying findings concerning the 3/11/03 judgment [23-1] is denied. His alternative motion to stay the judgment [23-2] is granted. The judgment entered 3/11/03 is stayed pending resolution of |

| | | |
|---|---|---|
| | | petitioner's mental retardation claim. Mailed notices by judge's staff (cem) (Entered: 03/31/2003) |
| 03/31/2003 | 26 | MINUTE ORDER of 3/31/03 by Hon. Suzanne B. Conlon : Petitioner's motion for appointment of Dennis R. Olvera, Ph.D., a licensed psychologist, to evaluate petitioner's adaptive functioning [22-1] is granted. Dr. Olvera's fees and costs shall not exceed $5,000. Requests for payment must be submitted on appropriate court forms with the required substantiation. Mailed notices by judge's staff (cem) (Entered: 03/31/2003) |
| 11/05/2007 | 27 | MOTION by Plaintiff United States of America for reconsideration *To Reconsider* (Bindi, David) (Entered: 11/05/2007) |
| 11/06/2007 | 32 | MINUTE entry before Judge Suzanne B. Conlon : United States' motion to reconsider basis for rejecting ineffective assistance claim and for entry of judgment 27 is taken under advisement. Defendant shall respond by January 7, 2008. The motion will not be heard on November 13, 2007 as noticed.Mailed notice (rbf, ) (Entered: 11/15/2007) |
| 11/08/2007 | 28 | *Motion to Reconsider* NOTICE of Motion by David E. Bindi for presentment of before Honorable Suzanne B. Conlon on 11/13/2007 at 09:00 AM. (Bindi, David) (Entered: 11/08/2007) |
| 11/13/2007 | 29 | RESPONSE by Darryl Lamont Johnson to MOTION by Plaintiff United States of America for reconsideration *To Reconsider* 27 *in Light of Massaro v. United States* (Campbell, Terence) (Entered: 11/13/2007) |
| 11/13/2007 | 30 | MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed Based on Massaro v. United States* (Campbell, Terence) (Entered: 11/13/2007) |
| 11/13/2007 | 31 | MEMORANDUM by Darryl Lamont Johnson in support of motion for discovery 30 - *Renewed in Light of Massaro v. United States* (Campbell, Terence) (Entered: 11/13/2007) |
| 01/14/2008 | 34 | MINUTE entry before Judge Suzanne B. Conlon :The government's unopposed motion to reconsider the basis for rejecting defendant's ineffective assistance of counsel claim 27 is granted. A hearing is set on this issue as well as defendant's most recent motion for leave to conduct discovery 30 on January 30, 2008 at 01:30 pm. Mailed notice (gmr, ) (Entered: 01/17/2008) |
| 01/16/2008 | 33 | ATTORNEY Appearance for Defendant Darryl Lamont Johnson by Terence H. Campbell (Campbell, Terence) (Entered: 01/16/2008) |
| 01/24/2008 | 35 | MOTION by Defendant Darryl Lamont Johnson to continue *Hearing Date Due to Counsel's Trial Schedule* (Campbell, Terence) (Entered: 01/24/2008) |
| 01/24/2008 | 36 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of motion to continue 35 before Honorable Suzanne B. Conlon on 1/29/2008 at 09:00 AM. (Campbell, Terence) (Entered: 01/24/2008) |
| 01/29/2008 | 37 | MINUTE entry before Judge Suzanne B. Conlon : Agreed motion 35 to reset January 30, 2008 hearing due to counsel's trial schedule is granted. Hearing is reset on February 29, 2008 @ 1:30 p.m. Notices mailed by Judicial staff. |

| | | notice (wyh, ) (Entered: 02/01/2008) |
|---|---|---|
| 02/05/2008 | 38 | MINUTE entry before Judge Suzanne B. Conlon :Set hearing. On the court's own motion, the motion hearing set on February 29, 2008 at 1:30 p.m. is reset to February 29, 2008 at 9:00 a.m. Notices mailed by Judicial staff. (wyh, ) (Entered: 02/08/2008) |
| 02/28/2008 | 39 | SUPPLEMENT by Darryl Lamont Johnson to *Ineffective Assistance of Counsel Claim* (Attachments: # 1 Exhibit Jill Miller Affidavit# 2 Exhibit Exhibit A Attachments# 3 Exhibit Exhibits B-G)(Campbell, Terence) (Entered: 02/28/2008) |
| 02/28/2008 | 40 | NOTICE by Darryl Lamont Johnson re supplement 39 *in Support of Ineffective Assistance of Counsel Claim* (Campbell, Terence) (Entered: 02/28/2008) |
| 02/29/2008 | 41 | MINUTE entry before Judge Suzanne B. Conlon :Hearing held on defendant's motion to vacate his sentence pursuant to 28 U.S.C. Section 2255, and the government's motion to reconsider the basis for rejecting defendant's ineffective assistance claim. The government unopposed motion 27 is granted. The court vacates portions of its Memorandum Opinion and Order issued March 11, 2003 finding that defendant procedurally defaulted his ineffective assistance of counsel claim by not raising this issue on direct appeal. See Massaro v United States, 538 U.S. 500 (2003) (ineffective assistance of counsel claims may be raised in a collateral proceeding under Section 2255 even if not raised on direct appeal). The court therefore shall consider the ineffective assistance of counsel claim fully on the merits. Defendant's renewed motion for leave to conduct discovery 30 is held in abeyance. Notices mailed by Judicial staff. (wyh, ) (Entered: 03/05/2008) |
| 03/06/2008 | 42 | EXECUTIVE COMMITTEE ORDER: Case reassigned to Judge William J. Hibbler Signed by Judge Executive Committee on 3/6/08. (vmj, ) (Entered: 03/10/2008) |
| 03/12/2008 | 43 | RESPONSE by Plaintiff United States of America (Bindi, David) (Entered: 03/12/2008) |
| 04/21/2008 | 44 | TRANSCRIPT of proceedings for the following dates: 2/29/2008; Before the Honorable Honorable Suzanne B. Conlon. (Document not scanned)(kjc, ) (Entered: 04/22/2008) |
| 05/20/2008 | 45 | MINUTE entry before the Honorable William J. Hibbler: Status hearing to set scheduling order set for 5/29/2008 at 09:30 AM. Mailed notice (jdh) (Entered: 05/22/2008) |
| 05/29/2008 | 46 | MINUTE entry before the Honorable William J. Hibbler: Status hearing reset to 6/3/2008 at 10:30 AM. Telephoned notice (jdh) (Entered: 06/03/2008) |
| 06/03/2008 | 48 | MINUTE entry before the Honorable William J. Hibbler: Status hearing held and continued to 8/26/08 at 10:30 am. At the next status, the government is to report on the state of Darryl Johnsons adjustment in the BOP, and turnover as discovery materials any instances of either special administrative measures under the BOP regulations or statutory provisions providing for extraordinary |

| | | security measures for inmates that were requested or imposed at the time of Darryl Johnson's sentencing that involved restrictions continuously. Defendants' counsel to tender to the Court a complete set of all pleadings since the 2255 petition was filed. Parties to tender to the Court any missing transcript pages. Mailed notice (kj, ) (Entered: 06/17/2008) |
|---|---|---|
| 06/17/2008 | 47 | TRANSCRIPT OF PROCEEDINGS held on 06/03/2008 before the Honorable William J. Hibbler. Court Reporter Contact Information: Alexandra Roth, 312/408-5038, Alexandra_Roth@ilnd.uscourts.gov. <br><br>**IMPORTANT:Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov. Under Quick Links select Electronic Transcript Procedures.** <br><br>Redaction Request due 7/8/2008. Redacted Transcript Deadline set for 7/18/2008. Release of Transcript Restriction set for 9/15/2008. (Roth, Alexandra) (Entered: 06/17/2008) |
| 08/26/2008 | 49 | MINUTE entry before the Honorable William J. Hibbler:Status hearing held on 8/26/2008 and continued to 10/21/2008 at 10:00 a.m.Mailed notice (jlj, ) (Entered: 08/27/2008) |
| 09/22/2008 | 50 | TRANSCRIPT OF PROCEEDINGS held on 08/26/2008 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, 312/408-5038, alexandra_roth@ilnd.uscourts.gov. <br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br>Redaction Request due 10/14/2008. Redacted Transcript Deadline set for 10/23/2008. Release of Transcript Restriction set for 12/22/2008. (Roth, Alexandra) (Entered: 09/22/2008) |
| 09/25/2008 | 51 | MINUTE entry before the Honorable William J. Hibbler: Petitioner's ex parte motion for interim payment of fees is granted. Payment of interim attorneys' fees and expenses is appropriate under the Criminal Justice Act because, due to the length and complexity of this case, the appointed attorneys in this matter will experience a hardship in undertaking the representation without compensation for a substantial period of time. Telephoned notice (aac, ) (Entered: 09/29/2008) |
| 09/29/2008 | | (Court only) FORWARDED Minute Order dated 9/25/2008 to Fiscal Department. (aac, ) (Entered: 09/29/2008) |

| 10/21/2008 | 52 | MINUTE entry before the Honorable William J. Hibbler: Status hearing held on 10/21/2008 and continued to 1/8/2009 at 10:00 AM. Defendant to file discovery request by 11/21/0-8. Government to respond by 12/5/08. Defendant to reply by 12/15/08. Ruling set for 1/8/09 at 10:00 a.m. Mailed notice (jdh) (Entered: 10/22/2008) |
|---|---|---|
| 11/24/2008 | 53 | MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed and Amended* (Campbell, Terence) (Entered: 11/24/2008) |
| 11/24/2008 | 54 | MOTION by Defendant Darryl Lamont JohnsonLeave to File Expert Funding Requests Ex Parte and Under Seal (Campbell, Terence) (Entered: 11/24/2008) |
| 11/26/2008 | 55 | MOTION by Defendant Darryl Lamont Johnson for leave to file *Motions Instanter* (Campbell, Terence) (Entered: 11/26/2008) |
| 11/26/2008 | 56 | NOTICE of Motion by Terence H. Campbell for presentment of motion for leave to file 55 before Honorable William J. Hibbler on 12/4/2008 at 09:30 AM. (Campbell, Terence) (Entered: 11/26/2008) |
| 12/03/2008 | 57 | MINUTE entry before the Honorable William J. Hibbler: Agreed Motion for leave to file his renewed discovery and for leave to seek expert funding ex parte funding motions instanter 54 55 is granted. The previously set briefing schedule to stand. Mailed notice (jdh) (Entered: 12/03/2008) |
| 12/05/2008 | 58 | MOTION by Plaintiff United States of America for extension of time (Bindi, David) (Entered: 12/05/2008) |
| 12/05/2008 | 59 | NOTICE of Motion by David E. Bindi for presentment of extension of time 58 before Honorable William J. Hibbler on 12/11/2008 at 09:30 AM. (Bindi, David) (Entered: 12/05/2008) |
| 12/10/2008 | 60 | MINUTE entry before the Honorable William J. Hibbler: Government's Agreed Motion for an extension of time to respond to petitioner's discovery and expert witness motions 58 is granted. Government to respond by 12/19/2008. Petitioner to reply by 1/8/2009. Ruling to reset to 2/4/09 at 10:00 a.m. Mailed notice (jdh) (Entered: 12/10/2008) |
| 12/10/2008 | | (Court only) In Court hearing set for 2/4/2008 at 10:00 AM. (jdh) (Entered: 12/10/2008) |
| 12/19/2008 | 61 | RESPONSE by Plaintiff United States of America *to discovery motions* (Attachments: # 1 Appendix)(Bindi, David) (Entered: 12/19/2008) |
| 01/07/2009 | 62 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file response/reply - *AGREED* (Campbell, Terence) (Entered: 01/07/2009) |
| 01/07/2009 | 63 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of motion for extension of time to file response/reply 62 before Honorable William J. Hibbler on 1/13/2009 at 09:30 AM. (Campbell, Terence) (Entered: 01/07/2009) |
| 01/12/2009 | 64 | MINUTE entry before the Honorable William J. Hibbler: Defendant's Agreed Motion for short extension of time until 1/15/09 to file reply brief regarding MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed and* |

| | | |
|---|---|---|
| | | *Amended* 53 , MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed Based on Massaro v. United States* 30 62 is granted. Ruling on motion for discovery 53 , motion for discovery 30 before Honorable William J. Hibbler on 2/4/2009 at 10:00 AM. Mailed notice (jdh) (Entered: 01/12/2009) |
| 01/15/2009 | 65 | REPLY by Defendant Darryl Lamont Johnson to Response 61 , motion for discovery 53 (Campbell, Terence) (Entered: 01/15/2009) |
| 01/15/2009 | 66 | INCORRECT Document Linked(Campbell, Terence) Modified on 1/16/2009 (aac, ). (Entered: 01/15/2009) |
| 01/16/2009 | 67 | NOTICE of Correction regarding 66 . (aac, ) (Entered: 01/16/2009) |
| 01/16/2009 | 68 | NOTICE by Darryl Lamont Johnson re reply 65 *In Support of Renewed and Amended Motion For Discovery* (Campbell, Terence) (Entered: 01/16/2009) |
| 02/04/2009 | 69 | MINUTE entry before the Honorable William J. Hibbler: Motion hearing held on 2/4/2009. The Court will rule on defendant's motion for discovery 53 by mail. Mailed notice (jdh) (Entered: 02/04/2009) |
| 05/15/2009 | 70 | MINUTE entry before the Honorable William J. Hibbler: Enter Memorandum Opinion and Order. The Court DENIES Defendant's Motion for Discovery (Doc. # 53 ). Status hearing set for 5/26/09 at 10:00 a.m. [ For further detail see separate order(s).] Mailed notice (aac, ) (Entered: 05/19/2009) |
| 05/15/2009 | 71 | MEMORANDUM Opinion and Order. Signed by the Honorable William J. Hibbler on 5/15/2009. (aac, ) (Entered: 05/19/2009) |
| 05/26/2009 | 72 | MINUTE entry before the Honorable William J. Hibbler: Status hearing reset to 6/9/2009 at 9:30 AM. Mailed notice (jdh) (Entered: 05/27/2009) |
| 06/09/2009 | 73 | MINUTE entry before the Honorable William J. Hibbler: Status hearing held. Petitioner to file additional motions with supporting memoranda by 7/31/09. Government to respond by 8/31/09. Petitioner to reply by 9/21/09. Ruling by mail. Mailed notice (aac, ) (Entered: 06/10/2009) |
| 07/17/2009 | 74 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file *Brief in Support of Relief Under Sec. 2255 Petition* (Campbell, Terence) (Entered: 07/17/2009) |
| 07/17/2009 | 75 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of motion for extension of time to file 74 before Honorable William J. Hibbler on 7/22/2009 at 09:30 AM. (Campbell, Terence) (Entered: 07/17/2009) |
| 07/21/2009 | 76 | MINUTE entry before the Honorable William J. Hibbler: Agreed motion to modify briefing schedule 74 is granted. Petitioner's brief in support of his claim for relief under Section 2255 to be filed by 8/28/2009. Government to respond by 9/28/2009. Petitioner to reply by 10/19/2009. Ruling by mail. Mailed notice (jdh) (Entered: 07/21/2009) |
| 08/19/2009 | 77 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file *brief* (Campbell, Terence) (Entered: 08/19/2009) |
| 08/19/2009 | 78 | NOTICE of Motion by Terence H. Campbell for presentment of motion for |

| | | |
|---|---|---|
| | | extension of time to file 77 before Honorable William J. Hibbler on 8/25/2009 at 09:30 AM. (Campbell, Terence) (Entered: 08/19/2009) |
| 08/20/2009 | 79 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file *brief* (Campbell, Terence) (Entered: 08/20/2009) |
| 08/20/2009 | 80 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of motion for extension of time to file 79 before Honorable William J. Hibbler on 8/25/2009 at 09:30 AM. (Campbell, Terence) (Entered: 08/20/2009) |
| 08/24/2009 | 81 | MINUTE entry before the Honorable William J. Hibbler: Motion to modify briefing schedule 77 is withdrawn as moot. Agreed Amended Motion to modify briefing schedule 79 is granted. Petitioner's brief in support of his claim for relief under Section 2255 to be filed by 11/10/09. Government to respond by 12/10/09. Petitioner to reply by 1/11/10. Ruling by mail. Mailed notice (jdh) (Entered: 08/24/2009) |
| 10/30/2009 | 82 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file *Brief* (Campbell, Terence) (Entered: 10/30/2009) |
| 10/30/2009 | 83 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of motion for extension of time to file 82 before Honorable William J. Hibbler on 11/3/2009 at 09:30 AM. (Campbell, Terence) (Entered: 10/30/2009) |
| 11/02/2009 | 84 | MINUTE entry before the Honorable William J. Hibbler: Petitioner's Motion to modify briefing schedule 82 is granted. Petitioner's initial brief to be due by 12/17/09. Government to respond by 1/22/10. Petitioner to reply by 2/19/10. Ruling by mail. Mailed notice (jdh) (Entered: 11/02/2009) |
| 12/17/2009 | 85 | MEMORANDUM by Darryl Lamont Johnson - *Supplemental in Support of Ineffective Assistance Claim* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Affidavit, # 4 Affidavit, # 5 Exhibit, # 6 Exhibit, # 7 Affidavit, # 8 Exhibit) (Campbell, Terence) (Entered: 12/17/2009) |
| 12/17/2009 | 86 | MEMORANDUM *In Support of Motion to Reconsider Brady Claim* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Affidavit, # 4 Affidavit) (Campbell, Terence) (Entered: 12/18/2009) |
| 12/18/2009 | 87 | MEMORANDUM - *Corrected - In Support of Reconsideration of Brady and Johnson v. Mississippi Claims* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Affidavit, # 4 Affidavit)(Campbell, Terence) (Entered: 12/18/2009) |
| 12/21/2009 | 88 | MOTION by Defendant Darryl Lamont JohnsonConsideration of Brady v. Maryland and Johnson v. Mississippi Claims (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Affidavit, # 4 Affidavit)(Campbell, Terence) (Entered: 12/21/2009) |
| 12/21/2009 | 89 | NOTICE of Correction regarding 87 . (aac, ) (Entered: 12/21/2009) |
| 01/15/2010 | 90 | MOTION by Plaintiff United States of America for extension of time to file response/reply (Bindi, David) (Entered: 01/15/2010) |
| 01/15/2010 | 91 | NOTICE of Motion by David E. Bindi for presentment of before Honorable William J. Hibbler on 1/21/2010 at 09:30 AM. (Bindi, David) (Entered: |

| | | |
|---|---|---|
| | | 01/15/2010) |
| 01/20/2010 | 92 | MINUTE entry before Honorable William J. Hibbler: Government's Motion for extension of time until 2/22/2010 to file response regarding MOTION by Defendant Darryl Lamont Johnson Consideration of Brady v. Maryland and Johnson v. Mississippi Claims 88 90 is granted. Petitioner's reply due by 3/31/2010. Ruling by mail. Mailed notice (jdh) (Entered: 01/20/2010) |
| 02/12/2010 | 93 | MOTION by Plaintiff United States of America for extension of time (Bindi, David) (Entered: 02/12/2010) |
| 02/12/2010 | 94 | NOTICE of Motion by David E. Bindi for presentment of extension of time 93 before Honorable William J. Hibbler on 2/18/2010 at 09:30 AM. (Bindi, David) (Entered: 02/12/2010) |
| 02/17/2010 | 95 | MINUTE entry before Honorable William J. Hibbler: Government's Agreed Motion for extension of time until 3/24/2010 to respond to petitioner's supplemental briefs 93 is granted. Mailed notice (jdh) (Entered: 02/17/2010) |
| 03/17/2010 | 96 | MOTION by Plaintiff United States of America for extension of time to file response/reply as to memorandum in support of motion 86 , memorandum, 85 (Bindi, David) (Entered: 03/17/2010) |
| 03/17/2010 | 97 | NOTICE of Motion by David E. Bindi for presentment of motion for extension of time to file response/reply, motion for relief, 96 before Honorable William J. Hibbler on 3/23/2010 at 09:30 AM. (Bindi, David) (Entered: 03/17/2010) |
| 03/22/2010 | 98 | MINUTE entry before Honorable William J. Hibbler: Government's Agreed Motion for an extension of time until 5/10/2010 to respond to petitioner's supplemental briefs 96 is granted. Petitioner's reply due by 6/28/2010. Ruling by mail. Mailed notice (jdh) (Entered: 03/22/2010) |
| 05/10/2010 | 99 | RESPONSE by Plaintiff United States of America *to supplemental briefs* (Bindi, David) (Entered: 05/10/2010) |
| 06/01/2010 | 100 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file response/reply - *AGREED* (Campbell, Terence) (Entered: 06/01/2010) |
| 06/01/2010 | 101 | *Agreed* NOTICE of Motion by Terence H. Campbell for presentment of before Honorable William J. Hibbler on 6/8/2010 at 09:30 AM. (Campbell, Terence) (Entered: 06/01/2010) |
| 06/07/2010 | 102 | MINUTE entry before Honorable William J. Hibbler: Agreed Motion to modify briefing schedule regarding MOTION by Defendant Darryl Lamont Johnson Consideration of Brady v. Maryland and Johnson v. Mississippi Claims 88 100 is granted. Petitioner's reply due by 8/6/2010. Ruling by mail. Mailed notice (jdh) (Entered: 06/07/2010) |
| 08/02/2010 | 103 | MOTION by Defendant Darryl Lamont Johnson for extension of time - *AGREED* (Campbell, Terence) (Entered: 08/02/2010) |
| 08/02/2010 | 104 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of extension of time 103 before Honorable William J. Hibbler on 8/5/2010 at |

| | | 09:30 AM. (Campbell, Terence) (Entered: 08/02/2010) |
|---|---|---|
| 08/04/2010 | 105 | MINUTE entry before Honorable William J. Hibbler: Petitioner's Agreed Motion for extension of time until 8/16/2010 to file reply brief 103 is granted. Mailed notice (jdh) (Entered: 08/04/2010) |
| 08/16/2010 | 106 | REPLY by Defendant Darryl Lamont Johnson *In Support of His Ineffective Assistance of Counsel Claim* (Campbell, Terence) (Entered: 08/16/2010) |
| 08/16/2010 | 107 | REPLY by Defendant Darryl Lamont Johnson *In Support of His Brady v. Maryland and Johnson v. Mississippi Claims* (Campbell, Terence) (Entered: 08/16/2010) |
| 08/17/2010 | 108 | REPLY by Defendant Darryl Lamont Johnson *In Support of His Ineffective Assistance of Counsel Claim - Corrected* (Campbell, Terence) (Entered: 08/17/2010) |
| 08/17/2010 | 109 | REPLY by Defendant Darryl Lamont Johnson *In Support of His Brady v. Maryland and Johnson v. Mississippi Claims - Corrected* (Campbell, Terence) (Entered: 08/17/2010) |
| 11/05/2010 | 110 | MOTION by Defendant Darryl Lamont Johnson for leave to conduct discovery and supporting memorandum of law. (ph, ) (Entered: 11/08/2010) |
| 12/13/2010 | 111 | MINUTE entry before Honorable William T. Hart:Enter Memorandum Opinion and Order. The court grants Defendant - Movant's motion to vacate his sentence 1 . all other motions are terminated as moot. Mailed notice. (kj, ) (Entered: 12/16/2010) |
| 12/13/2010 | | (Court only) ***Documents terminated: MOTION by Defendant Darryl Lamont Johnson for discovery 110 , MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed Based on Massaro v. United States* 30 , MOTION by Defendant Darryl Lamont JohnsonConsideration of Brady v. Maryland and Johnson v. Mississippi Claims 88 ., ***Motions terminated: MOTION by Defendant Darryl Lamont Johnson for discovery 110 , MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed Based on Massaro v. United States* 30 , MOTION by Defendant Darryl Lamont JohnsonConsideration of Brady v. Maryland and Johnson v. Mississippi Claims 88 , ***Deadlines terminated. (kj, ) (Entered: 12/16/2010) |
| 12/13/2010 | 112 | MEMORANDUM Opinion and Order Signed by the Honorable William J. Hibbler on 12/13/2010.(kj, ) Modified on 12/17/2010 (kj, ). (Entered: 12/16/2010) |
| 12/13/2010 | 113 | ENTERED JUDGMENT.(kj, ) (Entered: 12/16/2010) |
| 12/17/2010 | 114 | NOTICE of Correction regarding 112 . (kj, ) (Entered: 12/17/2010) |
| 02/10/2011 | 115 | NOTICE of appeal by United States of America regarding orders 113 (Bindi, David) (Entered: 02/10/2011) |
| 02/10/2011 | 116 | NOTICE of Appeal Due letter sent to counsel of record. (gel, ) (Entered: 02/10/2011) |
| 02/10/2011 | 117 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 115 . |

| | | Notified counsel (gel, ) (Entered: 02/10/2011) |
|---|---|---|
| 02/10/2011 | 118 | ACKNOWLEDGEMENT of receipt of short record on appeal regarding notice of appeal 115 ; USCA Case No. 11-1326. (ph, ) (Entered: 02/11/2011) |
| 02/23/2011 | 119 | NOTICE of cross appeal by Darryl Lamont Johnson regarding orders 21 , 113 , 112 ; (Campbell, Terence) (Entered: 02/23/2011) |
| 02/24/2011 | 120 | NOTICE of Appeal Due letter sent to counsel of record. (gel, ) (Entered: 02/24/2011) |