IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellant, | ) | No. 02 C 6998 |
| | ) | |
| vs. | ) | Hon. William J. Hibbler |
| | ) | |
| DARRYL JOHNSON, | ) | Capital Case |
| | ) | |
| Petitioner-Appellee. | ) | |

**<u>APPELLEE / CROSS-APPELLANT'S DOCKETING STATEMENT</u>**

Now comes the Appellee / Cross-Appellant, Darryl L. Johnson, by and through his attorneys,
Terence H. Campbell, Cotsirilos, Tighe & Streicker, and Lorinda M. Youngcourt, and pursuant to
Seventh Circuit Rule 3(c) hereby files this docketing statement regarding his cross-appeal. In
support of this filing, the Appellee / Cross-Appellant states as follows:

1. This is an appeal of an Order in a proceeding under 28 U.S.C. § 2255 entered by
United States District Judge William J. Hibbler in the Northern District of Illinois. The judgment
ordered that Appellee / Cross-Appellant, Darryl Johnson, receive a new sentencing hearing based
on a finding of ineffective assistance of counsel. The order was entered December 13, 2010.

2. On February 10, 2011, the government filed a Notice of Appeal of the district court's
December 13, 2010 order. It is the position of Appellee / Cross-Appellant that the government's
Notice of Appeal is inappropriate, because the December 13, 2010 order is not a "final order" and
the Appellate Court does not have jurisdiction to hear the appeal until a new sentencing hearing is
held. *Andrews v. United States*, 373 U.S. 334, 339 (1963) ("Where, as here, what was appropriately
asked and appropriately granted was the resentencing of the petitioners, *it is obvious that there could
be no final disposition of the § 2255 proceedings until the petitioners were resentenced.*") (emphasis

added); *Lowe v. United States*, 923 F.2d 528, 530 (7th Cir. 1991) ("appeals [can] not be taken *before* entry of a sentencing order following the grant of a § 2255 motion.") (emphasis in original); *United States v. Hammer*, 564 F.3d 628, 634 (3rd Cir. 2009)("Section 2255 applies in capital and non-capital cases alike, as the statute under which federal prisoners file habeas corpus petitions," thus "[a]n order that contemplates a future resentencing [in a capital case] but does not accomplish it is not an 'order entered on the motion' and is not final and appealable.").

3. Accordingly, Appellee filed a Motion to Dismiss the government's appeal with the Seventh Circuit. That motion was filed on February 23, 2011, and is currently pending.

4. In the unlikely event that the Seventh Circuit does not find *Andrews* and its progeny controlling and dismiss the government's appeal, Mr. Johnson filed a protective Notice of Cross-Appeal as to the issues raised in his § 2255 petition that were not granted by the district court. That protective Notice of Cross-Appeal was filed on February 23, 2011, within the time allowed under Federal Rule of Appellate Procedure 4(a)(3).

5. The district court's jurisdiction in this case is based on Title 28, United States Code, Section 2255, which confers upon the federal district courts jurisdiction over claims in which "A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255.

6. Should the Seventh Circuit find that it has jurisdiction over the government's appeal,

it would likewise have jurisdiction over this cross-appeal.  The only other requirement would be obtaining a certificate of appealability, but we believe that is premature at this time given that we believe there is no jurisdiction and the appeal may well be dismissed.

7.      Appellee / Cross-Appellant Johnson is incarcerated at the USP Terre Haute.

Respectfully submitted,

/s/  Terence H. Campbell
Terence H. Campbell
Cotsirilos, Tighe & Streicker
33 N. Dearborn, Suite 600
Chicago, Illinois  60602
3412 263-0345

## **CERTIFICATE OF SERVICE**

Terence H. Campbell, an attorney, hereby certifies that in accordance with hereby certifies that in accordance with Fed.R.Crim.P. 49, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

1.      Appellee / Cross-Appellant's Docketing Statement

was served pursuant to the District Court's ECF system as to ECF filers, including the United States Attorney's Office.

/s/  Terence H. Campbell
Terence H. Campbell

4